1999-NMCA-116

989 P.2d 439

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Coseme R. GARDEA, Defendant–Appellant.**

**No. 19,763.**

Court of Appeals of New Mexico.

July 28, 1999.

Patricia A. Madrid, Attorney General, James O. Bell, Assistant Attorney General, Santa Fe, for appellee.

Edward O. Bustamante, Albuquerque, for appellant.

## OPINION

BOSSON, Judge.

{1} In this felony prosecution in district court for driving while intoxicated (DWI), we examine the effect of a prior nolle prosequi of a misdemeanor DWI arising from the same incident that was filed in metropolitan court, when the nolle prosequi was never endorsed by the metropolitan court judge, contrary to Rule 7–506(A) NMRA 1999. The district court refused to remand the felony DWI back to metropolitan court for dismissal. On interlocutory appeal, we affirm and remand to the district court for prosecution of the felony indictment.

## FACTS

{2} On July 10, 1997, Defendant was charged in metropolitan court with DWI, first offense. On October 3, 1997, the State filed a nolle prosequi in metropolitan court indicating that the case had been filed erroneously as a misdemeanor and would be filed as a felony in district court. The nolle prosequi was not endorsed by the metropolitan court judge as required by Rule 7–506(A). An indictment was filed on March 9, 1998, charging Defendant with felony DWI, and Defendant was arraigned a week later. On August 3, 1998, Defendant filed a motion in district court for remand to the metropolitan court, so that he could petition the metropolitan court to dismiss the original charge, with prejudice, for violation of the six-month rule. The district court refused to remand, which is the subject of this appeal.

## DISCUSSION

{3} Metropolitan court Rule 7–506(A) states that a complaint may be dismissed by the prosecution at any time before trial. It further states that, "[t]he notice shall be presented to the judge before filing, and he shall endorse thereon an order that the action or count is dismissed." Defendant argues that because the State's nolle prosequi was not endorsed by the metropolitan court, it was ineffective, and therefore the original charge remained pending in metropolitan court for more than six months without a trial contrary to the six-month rule. *See* Rule 7–506(B). The remedy for violating Rule 7–506(B) is dismissal with prejudice, and thus, Defendant seeks to preclude further prosecution on the felony indictment which relies on the same underlying DWI.

{4} Defendant contends that the sole issue on appeal is whether an unsigned nolle prosequi is effective to dismiss a misdemeanor DWI in metropolitan court, but we believe the issue before us is more complex. Defendant could have moved earlier to dismiss the charge in metropolitan court for violation of Rule 7–506(A), but he did not do so. Instead, Defendant was properly indicted in district court for felony DWI, after the six-month rule had run in metropolitan court but without Defendant having filed to dismiss the charge. We hold that Defendant's failure to file for dismissal in metropolitan court before he was indicted in district court waived any claim to dismissal based upon the State's noncompliance with metropolitan court rules.

{5} It is generally accepted that the prosecutor has wide discretion to dismiss criminal charges. *See State ex rel. Naramore v. Hensley,* 53 N.M. 308, 310–11, 207 P.2d 529, 530 (1949). We believe it is immaterial whether the dismissal is called a nolle prosequi or an order of dismissal. The State argues that the two are different and that the metropolitan court Rule 7–506(A) does not apply to a nolle prosequi. We are unpersuaded. Nolle prosequi is simply a Latin term meaning that the government does "not ... wish to prosecute." *See* Bryan A. Garner, *A Dictionary of Modern Legal Usage* 591 (2d ed.1995). Thus, it denotes an abandonment of suit. We recognize that a nolle prosequi is a common-law rule that allows the government absolute power to dismiss criminal charges against an accused without any structured judicial oversight or supervision. The procedural rules issued by our Supreme Court now prescribe a new procedure for dismissing criminal charges in courts of limited jurisdiction, and those rules have codified and, in places, modified the common law. *See* Rule 7–506; *see also* Rules 6–506, 8–506 NMRA 1999. The effect of both a nolle prosequi and an order of dismissal is to dismiss criminal charges that have been brought against a defendant. The prosecutor has wide discretion to file either, as long as the relevant procedural rules are followed.

{6} That discretion is tempered by the court's ability to prevent the prosecutor from using such a dismissal to circumvent other rules of procedure, such as the six-month rule or the judicial disqualification rule. *See State v. Ware,* 115 N.M. 339, 341, 850 P.2d 1042, 1044 (Ct.App.1993). In metropolitan court, the Supreme Court rule underscores the wide latitude of prosecutorial discretion, subject, of course, to the endorsement of the judge.

{7} Policy reasons favor the endorsement requirement. Endorsing the dis-

missal order (or nolle prosequi) affords a metropolitan court judge an opportunity to inquire into the reasons for the dismissal and to remind the prosecutor of matters like the running of the six-month rule that may affect a criminal defendant's due process rights. We believe the endorsement requirement is founded on principles of prudence; it gives the court a means to carry out its responsibility of supervising and controlling how cases move on its docket. *See State v. Ericksen,* 94 N.M. 128, 131, 607 P.2d 666, 669 (Ct.App.1980). Some measure of judicial oversight appears particularly appropriate for metropolitan court, in which parties, including the State, are not always represented by legal counsel during the initial stages of the proceeding. We do not believe that the rule usurps the inherent authority and discretion of the prosecutor with regard to charging matters. The rule is not an unconstitutional delegation of authority to the metropolitan court which has little discretion in most cases but to agree to dismissal. "[The judge] *shall* endorse thereon an order that the action or count is dismissed." Rule 7–506(A) (emphasis added).

■ {8} We reaffirm our earlier memorandum opinion in *State v. Ortiz,* No. 19,116, slip op. at 2–3, (N.M.Ct.App. Mar. 12, 1998), in which we held that Rule 7–506 is not a mere technicality. When the nolle prosequi is filed without the metropolitan court's endorsement, that court can consider the nolle prosequi ineffective and dismiss subsequently under the six-month rule, as it did in *Ortiz.* Once dismissed, "a criminal charge for the same offense shall not thereafter be filed in any court." Rule 7–506(B).

■ {9} However, a defendant must file for dismissal to take advantage of the six-month rule; dismissal is not self-executing. *See State v. Vigil,* 85 N.M. 328, 332, 512 P.2d 88, 92 (Ct.App.1973). Failing to move for dismissal before the district court, a defendant "may not raise that issue here [on appeal] for the first time." *Id.* In the case before us, the metropolitan court's six-month rule had already run by the time Defendant was indicted in district court. At any time before that indictment, Defendant could have asked the metropolitan court to dismiss the charge with prejudice for violation of the six-month rule. If Defendant had done so, the metropolitan court could have determined, as it did in *Ortiz,* that the nolle prosequi was ineffective under Rule 7–506, that the charge against Defendant had been pending (because it was not properly dismissed) for more than six months, and that the charge should be dismissed with prejudice. However, unlike the accused in *Ortiz,* Defendant failed to preserve his remedy.

■ {10} Rather than move to dismiss the misdemeanor charge in metropolitan court, Defendant waited, perhaps hoping that the State would not indict him on the more serious charge of felony DWI. That was a tactical choice. Once Defendant was indicted on a charge beyond the jurisdiction of metropolitan court and that indictment was filed in district court, exclusive jurisdiction vested in the district court with respect to the felony. At that point, any charges remaining in metropolitan court, even those that had been susceptible to a motion to dismiss for violation of the six-month rule, were superseded by the indictment. We reach this conclusion for two reasons.

■ {11} First, it is universally held that filing an amended criminal information constitutes an abandonment of the initial information. *See Armstrong v. United States,* 16 F.2d 62, 63–64 (9th Cir.1926); *State v. Kinard,* 21 Wash.App. 587, 585 P.2d 836, 838 (1978); *see also State v. Benally,* 99 N.M. 415, 417, 658 P.2d 1142, 1144 (Ct.App.1983) ("'An "amended" information vitiates the original information as fully as though it had been formally dismissed by order of the court. It constitutes the filing of a new instrument which supersedes its predecessor.'") (quoting *Salazar v. State,* 85 N.M. 372, 373, 512 P.2d 700, 701 (Ct.App.1973) (citations omitted)). Here, the arresting officer filed the criminal complaint in metropolitan court charging misdemeanor DWI. The officer may not have known at the time that Defendant had prior DWI convictions that would elevate the present charge to a felony. After investigation, the district attorney discovered three prior convictions for DWI, and the charge was amended to a felony DWI,

68

leading to Defendant's indictment in district court. We view the felony indictment in the same light as an amended information, in that it initiated different charges against Defendant that superseded whatever may have been pending in metropolitan court. Thus, the complaint in metropolitan court is deemed abandoned by the State as a matter of law.

{12} Second, out-of-state authority holds that an intervening indictment arising from the same activity supersedes a prior complaint filed in the same case. *See State v. Bojorquez,* 111 Ariz. 549, 535 P.2d 6, 10 (1975) (en banc); *State v. Vinson,* 8 Ariz.App. 93, 443 P.2d 700, 701 (1968). The intervening indictment is similar to an amended information. In New Mexico, the State may proceed by indictment in district court even if the prosecution was initiated originally by a complaint in magistrate court. *See State v. Ergenbright,* 84 N.M. 662, 664, 506 P.2d 1209, 1211 (1973). The rules do not require a dismissal in magistrate court prior to an indictment in district court. *See* Rule 7–202(E) NMRA 1999. The indictment supersedes the complaint by operation of law.

*CONCLUSION*

{13} We hold that metropolitan court Rule 7–506(A) requires a judge's endorsement on the State's notice of dismissal or nolle prosequi. Failure to secure the endorsement renders the dismissal ineffective and subject to subsequent dismissal for violation of the six-month rule. However, Defendant waived any right he may have had to a dismissal in metropolitan court. Moreover, once a defendant is indicted in district court, that indictment supersedes metropolitan court charges that have not been properly dismissed. Accordingly, we affirm the district court's refusal to remand this case to the metropolitan court, and we remand to the district court for further proceedings.

{14}   IT IS SO ORDERED.

PICKARD, C.J., and ALARID, J., concur.