2008-NMCA-050

182 P.3d 786

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Barry RAYBURNS, Defendant–Appellee.**

**No. 26,797.**

Court of Appeals of New Mexico.

Feb. 5, 2008.

Certiorari Granted, No. 31,021, April 18, 2008.

Gary K. King, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, NM, for Appellant.

John Bigelow, Chief Public Defender, Karl Erich Martell, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

**OPINION**

CASTILLO, Judge.

{1} In this case, we examine the scope of our Supreme Court's decision in *State v. Heinsen*, 2005–NMSC–035, 138 N.M. 441, 121 P.3d 1040, to determine if *Heinsen* permits the State to benefit from a new six-month period under Rule 5–604 NMRA when the State dismisses a magistrate court proceeding and refiles the same case in district court after the magistrate court's exclusion of evidence as a discovery sanction. We conclude that *Heinsen* does not apply to the facts currently before us; therefore, we affirm the district court's dismissal of the criminal charges against Defendant.

## I. BACKGROUND

{2} On August 6, 2005, Defendant was arrested for driving while intoxicated (DWI), failure to use a signal properly, and violation of the open container law. He was arraigned in magistrate court on August 16, 2005. Af-

ter a number of hearings and resettings, Defendant's magistrate court bench trial was scheduled to take place on February 8, 2006.

{3} On the day of trial, Defendant made an oral motion in limine, arguing that the results of his breath test should not be admitted into evidence because of the State's failure to provide the relevant certification for the machine used to test Defendant. The State asserted that it had provided a certification but conceded that the certification related to the wrong time period. Finding that the State had failed to timely disclose the appropriate certification, the magistrate court granted Defendant's motion and excluded the breath test results. Following this ruling, the State orally announced its intent to dismiss the charges pending in magistrate court.

{4} The next day, the State refiled the same charges in district court but did not file a written notice of dismissal until a month later, on March 9, 2006. Defendant was arraigned in district court on April 17, 2006. Shortly after his arraignment, Defendant filed a motion to dismiss based on a violation of the six-month rule, Rule 5–604, and his right to a speedy trial, N.M. Const. art. II, § 14. Defendant contended that the State did not file its notice of dismissal in magistrate court until day 205 of the 182–day time period and that the State was not entitled to a new six-month period, since it lacked a good and sufficient reason for dismissing the case and refiling it in district court. The district court granted Defendant's motion and dismissed the charges.

{5} In its order, the district court made the following findings: (1) the time period to take Defendant to trial would have been February 14, 2006, which was 182 days from the date of arraignment in magistrate court; (2) the State filed its written dismissal of the magistrate court charges 205 days after the arraignment; (3) the State maintained that Defendant's oral motion was a motion to suppress evidence; (4) no new evidence or facts had been discovered by the State subsequent to its oral dismissal; and (5) the State had not demonstrated a reasonable basis for dismissing the magistrate court charges and

refiling in district court under *Heinsen*. It is from this order of dismissal that the State appeals.

## II. DISCUSSION

{6} The State's main contention is that the district court erred in not reading *Heinsen* to allow refiling in district court and the running of a new six-month period after arraignment. . The State also argues that the district court incorrectly interpreted and applied Rule 5–604 to dismiss Defendant's case. Finally, the State contends that Defendant failed to preserve his right to raise potential speedy trial violations on appeal. We address each of these arguments below.

### A. Standard of Review

{7} We conduct a de novo review of the district court's application of the six-month rule. *See State v. Carreon*, 2006–NMCA–145, ¶ 5, 140 N.M. 779, 149 P.3d 95 ("We review a district court's application of Rule 6–506 [NMRA] de novo."), *cert. quashed*, 2007–NMCERT–008, 142 N.M. 436, 166 P.3d 1090; *State v. Cardenas*, 2003–NMCA–051, ¶ 4, 133 N.M. 516, 64 P.3d 543 ("The district court's application of Rule 5–604 is subject to de novo review."). However, we review the district court's determination regarding questions of historical fact with the deference of the substantial evidence standard. *See State v. Bolton*, 1997–NMCA–007, ¶ 13, 122 N.M. 831, 932 P.2d 1075. Questions of historical fact include questions regarding "what really motivated the prosecutor in dismissing the case and whether his actions were taken in subjective good faith." *Id.* "On the other hand, a de novo standard is applied to determine the type of reasons that will justify a dismissal . . . or the type of analysis that should be utilized in these cases." *Id.*

### B. The Six–Month Rule

{8} Because the heart of this appeal deals with the six-month rule, we provide a short review of how this rule functions. The rules of criminal procedure for both magistrate and district courts contain limits regarding the time for commencement of a defendant's criminal trial. *See* Rule 6–506;

Rule 5–604. The magistrate rule, Rule 6–506, "requires a defendant's trial to commence within one-hundred eighty-two days of a triggering event." *Carreon*, 2006–NMCA–145, ¶ 6, 140 N.M. 779, 149 P.3d 95 (citing Rule 6–506(B)–(E)). Similarly, the district court rule, Rule 5–604, requires "trial to commence within six months of various [triggering] events." *State v. Jaramillo*, 2004–NMCA–041, ¶ 9, 135 N.M. 322, 88 P.3d 264 (citing Rule 5–604(F)). The purpose of these rules "is to encourage the orderly and prompt disposition of criminal cases," *State v. Lucero*, 108 N.M. 548, 551, 775 P.2d 750, 753 (Ct.App.1989), and to guard against lack of preparedness on the part of the state. *Bolton*, 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075.

{9} Typically, these rules require the dismissal of criminal charges, with prejudice, if the defendant's trial has not commenced within 182 days or six months from a triggering event, such as arraignment. *See* Rule 6–506(E); Rule 5–604(F). However, there are exceptions to the literal application of the six-month rule. For example, the state may dismiss a complaint filed in magistrate court and refile the charges in district court, a process that often results in an adjustment of the six-month rule deadline. *See Heinsen*, 2005–NMSC–035, ¶ 26, 138 N.M. 441, 121 P.3d 1040 ("Ordinarily, . . . filing a nolle prosequi ends the previous proceeding and allows a new six-month period to run[.]"). However, while the refiling of charges in district court *may* result in an adjustment of the six-month rule, this is not universally the case. *See id.* ("New Mexico courts have been reluctant to hold that filing a nolle prosequi always results in a new six-month period."). Instead, the district court supervises the state's discretion to dismiss magistrate court proceedings and to refile in district court "by inquiring into the reasons for dismissal to ensure that the six-month rule and the defendant's due process rights are not unduly infringed." *Id.* ¶ 25 (citing *State v. Gardea*, 1999–NMCA–116, ¶¶ 6, 7, 128 N.M. 64, 989 P.2d 439). The state will not receive the benefit of a new six-month period in district court if the state's basis for dismissing the magistrate court proceedings is

improper. *See Heinsen,* 2005–NMSC–035, ¶ 26, 138 N.M. 441, 121 P.3d 1040 (" 'Prosecutors may ordinarily do what they wish—unless there is a bad reason for what they do[.]' " (quoting *Bolton,* 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075)).

{10} If a defendant challenges the state's refiling of charges in district court on a six-month rule violation, the state bears the burden of demonstrating that its actions were legitimate. This requires the state to demonstrate that its actions were not done for bad reasons or an improper purpose. *See State ex rel. Delgado v. Stanley,* 83 N.M. 626, 627, 495 P.2d 1073, 1074 (1972) (holding that if a defendant asserts that the state's action was to delay or otherwise circumvent the rule, "the [s]tate must be prepared to demonstrate by proof the bona fides of the procedure it has utilized and that it has not been followed to delay [the] defendant's trial beyond the six-month period ... or to circumvent the operation of the rule"); *see also Bolton,* 1997–NMCA–007, ¶¶ 1, 8, 10–12, 122 N.M. 831, 932 P.2d 1075 (determining that the general rule of prosecutorial discretion includes the commensurate rule that when a defendant asserts that the state's actions were done to circumvent the six-month rule or for another bad reason, the court can dismiss the case where the state fails to satisfy its burden to demonstrate that its actions were not done for bad reasons).

{11} In this context, "fluctuations in the stories of witnesses, the unavailability and subsequent reappearance of witnesses," or "newly discovered evidence" may constitute a good and sufficient reason for the termination and reinstitution of a criminal prosecution. *Delgado,* 83 N.M. at 627, 495 P.2d at 1074; *see also State v. Vigil,* 114 N.M. 431, 433, 839 P.2d 641, 643 (Ct.App.1992) (permitting a new six-month period when the amended complaint contained significant change); *State v. Aragon,* 99 N.M. 190, 192–93, 656 P.2d 240, 242–43 (Ct.App.1982) (permitting a new six-month period due to newly discovered facts). New Mexico appellate courts also allow the application of a new six-month period in other circumstances, such as when the trial court rejects a plea bargain, when the defendant is in a pre-prosecution

diversion program, and when an event is to the mutual benefit of the parties. *See, e.g., State v. Sanchez,* 109 N.M. 313, 316, 785 P.2d 224, 227 (1989) (setting aside a literal application of the six-month rule if a plea agreement is not approved); *State v. Coburn,* 120 N.M. 214, 217, 900 P.2d 963, 966 (Ct.App.1995) (setting aside a literal application of the six-month rule when an event extending pre-trial activity is to the mutual benefit of parties); *State v. Altherr,* 117 N.M. 403, 406, 872 P.2d 376, 379 (Ct.App.1994) (setting aside a literal application of the six-month rule when a defendant is participating in a pre-prosecution diversion program).

{12} However, lack of preparedness, delay, and circumvention of the six-month rule or other rules of procedure are improper purposes, for which the state does not receive the benefit of a new six-month period in district court. *See, e.g., Heinsen,* 2005–NMSC–035, ¶ 25, 138 N.M. 441, 121 P.3d 1040 (explaining that the six-month period does not recommence running if dismissal and refiling are done for the purpose of delay); *Carreon,* 2006–NMCA–145, ¶ 7, 140 N.M. 779, 149 P.3d 95 (noting that it is improper to use a dismissal to circumvent the six-month rule); *Gardea,* 1999–NMCA–116, ¶ 6, 128 N.M. 64, 989 P.2d 439 (holding that the state cannot use dismissal to circumvent rules of procedure); *Bolton,* 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075 (stating that lack of preparedness is "prima facie a bad reason").

## C. *Heinsen*

{13} Recently, in *Heinsen,* our Supreme Court addressed the application of the six-month rule under circumstances somewhat similar to those presented here. Confronted with the state's dismissal of magistrate court proceedings and the state's refiling in district court after a suppression order, the Supreme Court held that the suppression of evidence is a sufficient basis for dismissing charges filed in magistrate court and for refiling in district court, provided that the suppressed evidence was substantial proof of a material fact in the proceedings and that the dismissal and refiling of charges was not done for the purpose of delay but was done to preserve

the state's right to appeal. *Heinsen*, 2005–NMSC–035, ¶ 1, 27, 138 N.M. 441, 121 P.3d 1040. In reaching this holding, the Supreme Court stated that "[i]n light of the [s]tate's strong interest in enforcing its statutes and managing criminal prosecutions," a new six-month period should begin to run when the state files a nolle prosequi after a magistrate's suppression order. *Id.* ¶ 27.

## D. The State's Arguments Based on *Heinsen*

{14} Here, the State makes three arguments based on *Heinsen.* The first argument is as follows. Defendant's motion in limine was tantamount to a motion to suppress. Once the magistrate suppressed the breath test results, the State had no right to appeal; therefore, the State's only available remedy was to dismiss the magistrate court charges and refile them in district court. *Heinsen* then allows the State a new six-month period for the State to try the case again. Consequently, the district court erred in dismissing the refiled charges.

{15} While we acknowledge that the Supreme Court in *Heinsen* stated, as a general proposition, that "a new six-month rule period should begin to run when the [s]tate files a nolle prosequi following a suppression order by a magistrate court and refiles in district court," *id.,* the application of that general proposition to the facts of the present case requires additional analysis. *Heinsen* explicitly qualifies this general proposition by still requiring the state to demonstrate a reasonable basis for its procedural choices. Beyond the mere existence of a suppression order by the magistrate, *Heinsen* requires the state to show (1) that it acted in order to preserve its right to appeal and (2) that it did not do so for purposes of delay. *Id.*

{16} We do not believe that the State in the case at hand may simply point to any adverse magistrate ruling as providing a reasonable basis for a new six-month rule period under *Heinsen.* Instead, we believe *Heinsen* continues to require a reviewing court to look at the reasonableness of the State's basis for its chosen procedure, which would include a review of the particular order entered by the magistrate court. The State makes its second argument based on this recognition. According to the State, the reasonable basis for the dismissal of the magistrate court proceedings was the State's inability to prosecute the charges after the magistrate suppressed the results of Defendant's breath test, due to the State's alleged failure to provide material evidence to Defendant. However, Defendant contends that the State's intent in dismissing the magistrate court charges and refiling in district court was to circumvent the rules by avoiding the discovery sanction placed on the State by the magistrate court for failure to disclose.

{17} We agree with Defendant. The district court found that the State failed to meet its burden under *Heinsen* because the State did not demonstrate a reasonable basis for dismissing and reinstituting the same criminal charges. We hold that the district court's determination was supported by substantial evidence. *See Bolton,* 1997–NMCA–007, ¶ 13, 122 N.M. 831, 932 P.2d 1075 (stating that questions of historical fact, such as what motivated the prosecutor, are subject to the deference of the substantial evidence standard).

{18} The magistrate court suppressed the results of the breath test administered to Defendant because the State had failed to timely disclose the appropriate machine certification. This ruling was entered on the day of trial, shortly before the six-month rule was set to expire. The State argues that as a consequence of the suppression order, it was unable to proceed. Furthermore, according to the State, it could not obtain an additional continuance without running afoul of the six-month rule. The State therefore elected to dismiss the magistrate court proceedings and refile the charges in district court. We view these circumstances—failure to produce the correct certification documentation—as similar to those in *Lucero,* a case in which the state's lack of preparedness resulted in the effective dismissal of magistrate court charges.

{19} We held in *Lucero* that where a prima facie bad reason exists, the state must demonstrate a good reason for refiling the

charges in district court; otherwise, "the original complaint is not superseded," and the second complaint has "no effect on the running of the six-month rule," unless the subsequent complaint contains new charges or is based on new facts or information regarding the prior charges. *Lucero,* 108 N.M. at 550–51, 775 P.2d at 752–53; *see also Bolton,* 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075. In *Lucero,* the prima facie bad reason was a lack of preparedness—the failure of an essential witness to appear for the purpose of testifying. *See Lucero,* 108 N.M. at 549, 775 P.2d at 751; *see also Bolton,* 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075. Similarly, in the matter presently before us, the reason for dismissal was the State's failure to produce essential documentation. In light of the circumstances, which evidence the prima facie bad reason of a lack of preparedness, the State had the burden of demonstrating that there was a good reason for its procedural decision. Appeal or avoidance of a discovery sanction prohibiting material evidence from being introduced does not provide a reasonable basis or good reason for dismissing the magistrate court proceedings and refiling in district court.

{20} Furthermore, the district court found and the parties do not contest that the complaint filed in district court was identical to that originally filed in magistrate court and that no new evidence or facts had been discovered by the State subsequent to the dismissal of the magistrate court proceedings. In light of the analysis in *Lucero,* there was sufficient evidence before the district court here to determine that the State had not demonstrated a reasonable basis for reinitiating the charges in district court.

{21} In *Bolton,* we noted that the rule stated in *Lucero* differs from the general rule permitting a new six-month period, unless a bad or improper reason for dismissal exists. *Bolton,* 1997–NMCA–007, ¶ 9, 122 N.M. 831, 932 P.2d 1075 (clarifying *Lucero* ). In so noting, we drew a distinction between circumstances in which the reason for dismissal is a prima facie bad reason, such as the lack of preparedness present in *Lucero,* and other circumstances surrounding the refiling of

charges in district court after the dismissal of magistrate court proceedings. We stated the following:

> When the reason for dismissal is a lack of preparedness, which is the precise thing the six-month rule is supposed to guard against, then *Lucero's* analysis will apply and the case should be dismissed unless the prosecutor can offer a good reason for taking the action. Under any other circumstances, however, *Delgado's* analysis will apply and the case should be dismissed only when the prosecutor cannot demonstrate that the reason for dismissing was not a bad one.

*Bolton,* 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075.

{22} Although we believe that the rule stated in *Lucero* is the appropriate analysis to apply, we would reach the same conclusion if we were to apply the general rule established in *Delgado.* Applying *Delgado,* we would determine whether there was sufficient evidence to support a finding that the State had an improper purpose for dismissing the magistrate court proceedings. *See Delgado,* 83 N.M. at 627, 495 P.2d at 1074; *see also Bolton,* 1997–NMCA–007, ¶¶ 11, 13, 122 N.M. 831, 932 P.2d 1075. Under the circumstances described above, there was substantial evidence from which the district court could conclude that the State was attempting to delay the running of the six-month period until the State could remedy its failure to disclose the appropriate certification and escape the consequences of a lack of preparedness. Dismissal of magistrate court proceedings to circumvent the six-month rule and to avoid the consequences of the State's lack of preparedness are improper purposes and do not entitle the State to the benefit of a new six-month rule period. *See Heinsen,* 2005–NMSC–035, ¶¶ 25–26, 138 N.M. 441, 121 P.3d 1040; *Delgado,* 83 N.M. at 627, 495 P.2d at 1074; *Bolton,* 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075. We thus hold that the district court did not err in dismissing the criminal charges against Defendant for a violation of the six-month rule. Allowing the State a new six-month period after a sanction for the State's discovery violations would create a situation susceptible to manip-

ulation by the State and would result in the encouragement of continued discovery violations and disregard for other rules of criminal procedure. We do not believe that the State should be permitted to benefit from its failure to follow the requirements of discovery or rules of criminal procedure.

{23} In the third argument, the State contends that the magistrate and district courts had concurrent jurisdiction, pending the filing of the notice of dismissal in magistrate court. We read this to address Defendant's argument below that the State was not in compliance with *Heinsen* in that the State did not actually file its dismissal in magistrate court until March 6, 2005, outside of the 182–day period for the six-month rule set forth in Rule 6–506. Although Defendant, in his answer brief, points out that the magistrate court case was not dismissed until 205 days after the arraignment, he makes no specific argument in this regard. Therefore, we assume that the State had the right to refile the charges in district court. This, however, is not the critical inquiry. The key question is whether the six-month rule commenced anew at the district court level, and as explained above, we have concluded that no new six-month period began once the case was refiled in district court.

### E. The State's Remaining Arguments

■ {24} We briefly address the remaining arguments included in the State's brief in chief. The State argues that the district court erred by applying the magistrate six-month rule, Rule 6–506, and not the district court six-month rule, Rule 5–604. According to the State, if the district court had applied the correct rule—the district court rule—it would have calculated the six-month period from the date of Defendant's arraignment in district court. While it is unclear as to whether the State is arguing that Rule 5–604 was the only applicable six-month rule because jurisdiction had transferred to the district court or because *Heinsen* provides that Rule 5–604 applies, we find neither argument persuasive. The State cites *Heinsen* as supporting the proposition that the only applicable six-month rule is the district court rule, Rule 5–604. However, *Heinsen* contains no indication that only Rule 5–604 is applicable in this circumstance; *Heinsen* merely applies

Rule 5–604 to calculate a *new* six-month period. The district court here, in its supervisory capacity, determined that the State had not met its burden under *Heinsen,* and since no new six-month period was permitted, the district court looked to Rule 6–506 to determine whether or not the *original* six-month period, commencing with Defendant's arraignment in magistrate court, had expired. *See Delgado,* 83 N.M. at 627, 495 P.2d at 1074 (indicating that when the state is unable "to demonstrate by proof the bona fides of the procedure it has utilized and that it has not been followed to delay [the] defendant's trial beyond the six-month period ... or to circumvent the operation of the rule," the court calculates the six-month rule period based on the original indictment or information). If the district court had found that a new six-month period was warranted, the court would have applied Rule 5–604, as was done in *Heinsen,* to determine when that period would expire. In this instance, the district court's finding that no new six-month period was warranted precluded reliance on Rule 5–604 in order to calculate the remaining time the State had to bring Defendant to trial.

{25} If, on the other hand, the State is arguing that once jurisdiction transferred to district court, the court could only apply the district court rule, Rule 5–604, and calculate the six-month period from the date of Defendant's arraignment in district court, we find the argument contrary to our Supreme Court's decisions in *Delgado* and *Heinsen. See State v. Travarez,* 99 N.M. 309, 311, 657 P.2d 636, 638 (Ct.App.1983) ("The Court of Appeals must follow applicable precedents of our Supreme Court[.]"). Both *Delgado* and *Heinsen* provide that the courts must supervise the state's use of its power to dismiss and reinstitute criminal charges in order for the courts to protect against due process and six-month rule infringements. *See Heinsen,* 2005–NMSC–035, ¶ 25, 138 N.M. 441, 121 P.3d 1040; *Delgado,* 83 N.M. at 627, 495 P.2d at 1074. District courts are vested with the responsibility of determining whether the state has a reasonable basis for dismissing magistrate court proceedings and refiling in district court or whether the state has done so for an improper reason. *See Heinsen,* 2005–NMSC–035, ¶¶ 25–26, 138 N.M. 441,

121 P.3d 1040. To hold as the State requests—i.e., once the district court's jurisdiction was invoked, only Rule 5–604 could be applied—would be contrary to the precedents of both this Court and our Supreme Court and would undermine the district court's supervisory authority by not permitting it to find a six-month violation—since, according to the State, once jurisdiction transferred, the district court was only permitted to calculate the six-month period from the date of arraignment in district court. We thus hold that under these circumstances, the district court's application of Rule 6–506 was appropriate. *See Carreon,* 2006–NMCA–145, ¶ 5, 140 N.M. 779, 149 P.3d 95 (stating that the district court's application of Rule 6–506 is subject to de novo review).

 {26} The State also argues that although Defendant filed a motion titled Motion to Dismiss—Speedy Trial, any argument regarding a violation of Defendant's right to a speedy trial was not preserved for appeal, since the only argument that Defendant presented in the motion or at the hearing before the district court was that the six-month rule was violated. We acknowledge the following: "A six-month rule issue is analytically separate from a constitutional speedy trial issue, and the two are distinct in their operation and reach." *State v. Stefani,* 2006–NMCA–073, ¶ 18, 139 N.M. 719, 137 P.3d 659 (internal quotation marks and citation omitted). However, we understand Defendant to concede this point by agreeing that no specific speedy trial argument was presented in the motion or the argument below. We therefore do not address the merits of a speedy trial claim in this matter.

## III.  CONCLUSION

{27} Based on the foregoing analysis, we hereby affirm the judgment of the district court.

{28} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and CYNTHIA A. FRY, Judges.