This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                    **NO. 29,694**

**JONATHAN WYLIE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Max Shepherd, Assistant Attorney General
Albuquerque, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

The State appeals the dismissal of charges filed against Defendant. We proposed to affirm the dismissal in a calendar notice, and the State responded with a memorandum in opposition. We have carefully considered the State's arguments, but we are not persuaded that affirmance is not warranted in this case. We therefore affirm.

Defendant was arraigned in magistrate court on September 8, 2008 and charged with aggravated DWI, excessively dark window tint, and possession of an open container. [MIO 1] For the DWI charge, the State planned to introduce evidence that Defendant failed field sobriety tests. [MIO 2] On the day of trial, February 24, 2009, the State filed a motion in limine in order to determine the admissibility of its field sobriety evidence and its evidence in support of the window tint charge. [MIO 2] According to the State, the magistrate court had, at some point in the past, announced that it would not admit field sobriety test evidence in support of impairment. [MIO 1-2] It is not clear whether the magistrate judge had made such a ruling in a previous case or had announced that he would make such a ruling in any case that came before him. Nevertheless, the State claims that it filed the motion in limine because it was aware of the magistrate judge's previous announcement about admissibility of field

sobriety tests. [MIO 2]

The magistrate court denied the State's motion in limine and stated that Defendant could raise any legitimate objections to evidence submitted at trial. [MIO 2-3] Based on the magistrate court's response to its motion, the State requested that the charges be dismissed so they could be refiled in district court. [RP 26] The magistrate court found that it had denied the State's motion, noted the dates on which Defendant was arraigned and the State's motion to dismiss were filed, and further found that Defendant had made no motions in the case. [RP 24-25] The magistrate court then dismissed the case.

The State filed the charges in the district court. Defendant moved for dismissal of the charges, arguing that: (1) the State was not entitled to appeal the magistrate court's order of dismissal, (2) the case did not fall under *State v. Heinsen*, 2005-NMSC-035, 138 N.M. 441, 121 P.3d 1040, as no suppression order had been filed, and (3) there was no good reason for dismissal so the time limit for commencing trial had run. Defendant claimed that the State was forum shopping when it chose to dismiss the charges in magistrate court and refile them in district court. [RP 22] The district court agreed with Defendant's arguments and dismissed the charges.

The State continues to claim that it did not dismiss and refile the charges in

order to circumvent the time limit for bringing Defendant to trial. The State claims that it moved to dismiss the charges because the magistrate court's ruling on its motion in limine foreclosed the State's right to appeal. [MIO 7] The State explains that the magistrate court did not rule on admissibility of the evidence, but instead left that question open to be determined at trial and that, at trial, Defendant would likely have moved to suppress the evidence and the magistrate court would likely have granted that motion. The State further explains that Defendant would then have been acquitted, double jeopardy would have attached, and the State would have been unable to file an appeal in the case. [MIO 5] In sum, the State argues that "its right to appeal had been foreclosed by the magistrate court's ruling," and this was a valid basis for the dismissal and refiling of the charges. [MIO 7] Therefore, the State contends that the time period for commencement of trial should have restarted upon refiling of the charges in the district court.

It is important to note that the magistrate court only denied the motion in limine but did not issue a ruling on the admissibility of the evidence that the State planned to introduce at trial. The State's argument that its right to appeal had been foreclosed is based purely on supposition about what might have happened at trial if it had attempted to introduce the evidence. We do not agree that the mere fact that the

4

magistrate court refused to rule on admissibility of evidence before trial would automatically foreclose the State's right to appeal. There is nothing in the magistrate court's order indicating that it would have suppressed the State's evidence, and the State has provided no evidentiary support for its claim that the magistrate court was unalterably opposed to admission of this type of evidence. We reject the State's argument.

A restart of the time period upon refiling of charges in the district court is the exception, rather than the norm, and the State cannot expect to automatically be allowed to restart the time period when it dismisses charges in order to refile those charges in another court. *See State v. Yates*, 2008-NMCA-129, ¶ 2, 144 N.M. 859, 192 P.3d 1236, *cert. granted*, *State v. Savedra*, 2008-NMCERT-009, 145 N.M. 258, 196 P.3d 489. Once Defendant claimed that the dismissal and refiling of charges were done to circumvent the time limits or for another bad reason such as forum shopping, the burden shifted to the State to show that its actions were not based on bad reasons, and the district court could then dismiss the case if the State failed to meet its burden of demonstrating that its actions were not based on bad reasons. *See State v. Rayburns*, 2008-NMCA-050, ¶ 10, 143 N.M. 803, 182 P.3d 786 (referring to *State v. Bolton*, 1997-NMCA-007, ¶ 11, 122 N.M. 831, 932 P.2d 1075). Our appellate courts

have held that dismissal and refiling of charges are not based on bad reasons when a motion to suppress evidence has been filed by the defendant. *See, e.g.*, *State v. Neal*, 2008-NMCA-008, 143 N.M. 341, 176 P.3d 330; *Heinsen*, 2005-NMSC-035. Here, there was no suppression motion filed by Defendant.

In *Yates*, this Court discussed possible steps that the State can take to avoid running afoul of the time limits for bringing a defendant to trial, including initiating the case in the district court or monitoring its cases to ensure that the charges are dismissed and refiled with enough time left to try the case within the time limits. *Yates*, 2008-NMCA-129, ¶ 8. In this case, based on the information known to the State that the magistrate court was likely to exclude the only evidence possessed by the State in support of the DWI charge, it seems that the State should have initiated the case in the district court or moved the case to the district court at an earlier date. Instead, although armed with the knowledge that the magistrate court would likely exclude its evidence, the State chose to wait until the day of trial to make its motion, with only thirteen days remaining before the time limit was to run. Although the district court made no findings in this case, the fact that it dismissed the charges against Defendant demonstrates that the district court agreed that the State's actions were based on bad reasons. We conclude that the State has not demonstrated error in

the district court's decision.

For the reasons discussed above and in our calendar notice, we affirm the decision of the district court.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**