This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　Plaintiff-Appellant,

v.　　　　　　　　　　　　　　　　　　　　**NO. 29,668**

**CHRISTOPHER HENRY,**

　　Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Louis E. DePauli, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

The State appeals the district court's grant of Defendant Christopher Henry's motion to dismiss a charge of aggravated driving while under the influence of intoxicating liquor (DWI). This Court filed a notice of proposed summary disposition proposing to affirm on August 17, 2009. The State filed a memorandum in opposition on September 8, 2009, which we have given due consideration. We affirm the district court.

The State asks whether, in a DWI case, a physical copy of the breath alcohol testing machine's log book pages is a necessary part of the foundation for admissibility of breath test results, or whether an officer's testimony that he had inspected the log book would be sufficient. Specifically, in the present case, the magistrate court suppressed the breath test results "due to the [S]tate's inability to produce copies of the log book for the RBT-IV used to test the defendant by reason that the State Police no longer had the applicable log book because the Scientific Lab Division had discontinued use of the RBT-IV." [DS 2]

This Court "review[s] an alleged error in the admission of evidence for an abuse of discretion." *State v. Martinez,* 2007-NMSC-025, ¶ 7, 141 N.M. 713, 160 P.3d 894. "The lower court's ruling will be disturbed on appeal only when the facts and circumstances of the case do not support [its] logic and effect." *Id.* (alteration in

original) (internal quotation marks and citation omitted). We review a ruling on late discovery for abuse of discretion. *State v. Duarte*, 2007-NMCA-012, ¶ 14, 140 N.M. 930, 149 P.3d 1027 (filed 2006). "In order to find an abuse of discretion, we must conclude that the decision below was against logic and not justified by reason." *Id.* (internal quotation marks and citation omitted).

In the docketing statement, the State cites *Martinez* as authority on the question of whether an officer's testimony can suffice in lieu of a physical copy of the log book. [DS 3] The State's memorandum in opposition informs us that an officer was available to testify on the scheduled day of trial regarding the status of the breath testing machine. We assume without deciding that *Martinez* supports the State's position. We understand, however, that the magistrate court suppressed the breath test evidence due to the State's untimely disclosure of the status of the machine. [MIO 2] The officer's testimony, although it might have provided the requisite foundation if allowed, would not have cured the untimely disclosure problem the magistrate court intended to address. Further, as the district court later observed, the State could have proceeded in magistrate court on an impaired to the slightest degree theory without the breath test results, although the charge would not be for aggravated DWI. [RP 38] *See* NMSA 1978, § 66-8-102(A), (D) (2008).

3

Next, the State asks whether, when a magistrate court suppresses evidence and dismisses a case, the State is permitted to refile in district court, and whether, if the State refiles a case in these circumstances, a new time limit starts under Rule 5-604 NMRA. We address these two issues together. Although the docketing statement frames these issues in generic terms, we analyze them in the context of the facts of the present case.

"We conduct a de novo review of the district court's application of the six-month rule." *State v. Rayburns*, 2008-NMCA-050, ¶ 7, 143 N.M. 803, 182 P.3d 786. "However, we review the district court's determination regarding questions of historical fact with the deference of the substantial evidence standard." *Id.*

Rule 6-506(B) NMRA provides: "The trial of a criminal citation or complaint shall be commenced within one hundred eighty-two (182) days after whichever of the following events occurs latest: (1) the date of arraignment . . . ." As of January 15, 2009, Rule 6-506(E) provides:

> In the event the trial of any person does not commence within the time specified in Paragraph B of this rule or within the period of any extension provided in this rule, the complaint or citation filed against such person may be dismissed with prejudice or the court may consider other sanctions as appropriate.

Before January 15, 2009, the rule provided that the complaint "shall" be dismissed

4

with prejudice. *Cf. Duran v. Eichwald*, 2009-NMSC-030, ¶ 15, 146 N.M. 341, 210 P.3d 238 (discussing the New Mexico Supreme Court's amendment of Rule 5-604(F) NMRA in the same manner).

In the present case, the record proper reveals the following sequence of events. Defendant was arraigned on June 11, 2008, and trial in magistrate court was eventually set for December 2, 2008. [RP 24] On the day of trial, before the trial began, Defendant moved to suppress the breath alcohol results due to the State's failure to disclose the log book for the breath testing machine. [Id.; DS 2] The State alleges that the log book was not available because use of the RBT-IV machine had been discontinued. [DS 2] The magistrate court granted Defendant's motion, and the State moved to dismiss. [Id.] The magistrate court granted the State's motion on or about December 15, 2008. [Id.] The State refiled the case in district court the same day. [RP 1] The original time for trial under Rule 6-506(B) had run on December 10, 2008. [RP 25]

Defendant moved to dismiss the case in district court. [RP 24-27] The motion, citing *State v. Heinsen*, 2005-NMSC-035, 138 N.M. 441, 121 P.3d 1040, acknowledged that the State had the option of refiling the case in district court as it did, but also pointed out that under *Heinsen*, the district court could properly inquire

into the reason the State was refiling. [RP 25] The motion argued that the State had not timely disclosed evidence and that the State could have proceeded to trial on an impairment basis even without the breath alcohol results. [RP 25-26] Trial based on impairment to the slightest degree, however, could not have resulted in an aggravated DWI conviction, which is what the State appears to have sought.

The facts of the present case closely resemble those in *Rayburns*, which the State invites this Court to reconsider. [MIO 13] There, the defendant (Rayburns) moved in limine to exclude breath test results because the state had failed to timely disclose certification of the machine. 2008-NMCA-050, ¶ 3. The magistrate court granted the motion to exclude the evidence. *Id.* The state dismissed the charges and refiled in district court. *Id.* ¶¶ 3, 4. The defendant argued that the state's intent in dismissing the charges was to circumvent the discovery sanction the magistrate court had imposed for late disclosure. *Id.* ¶ 16. In affirming, we agreed that under *Heinsen*, the state had not demonstrated a reasonable basis for dismissing and refiling the same charges. *Id.* ¶ 17.

In the present case, the district court's order of dismissal states:

> 3. The State dismissed the [M]agistrate [C]ourt case with the intent to prosecute the aggravated charge in [D]istrict [C]ourt instead of proceeding on the prosecution of the case in magistrate court absent the suppressed evidence on a theory of impairment which only could have

6

resulted in a non-aggravated DWI upon conviction;

4.     The suppression of the evidence due to the fault of the State does not provide a legitimate reason for the State to circumvent the 182 day rule.

[RP 38] This rationale for dismissal is essentially the same as that in *Rayburns*. If the State, alleged to be at fault in not providing the log book, were allowed to refile, it would avoid the effect of the magistrate court's exclusion of that evidence from trial.

In asking this Court to reconsider *Rayburns*, the State draws our attention to *Duarte*, in which the state had disclosed certification and calibration of the breath machine three days and one day, respectively, before trial. 2007-NMCA-012, ¶ 13. [MIO 12] This Court held that, even assuming the state had breached its duty to disclose, the defendant had not shown that the outcome of his trial would have been different if he had more timely received the certification and calibration information. *Id.* ¶ 19. We note significant differences between *Duarte* and the present case. First, in *Duarte*, the district court denied the motion to suppress and the defendant was convicted. *Id.* ¶¶ 1, 7   In the present case, the magistrate court granted the motion to suppress, and Defendant was never tried. Analyzing the issue of prejudice would require us to speculate whether Defendant would have incurred prejudice had he gone

7

to trial, which we decline to do.  Second, *Duarte* did not implicate the six-month rule.

Finally, while in *Duarte* the defendant received the certification and calibration before

trial, in the present case, Defendant apparently never received any such information.

Finding no reason to reconsider *Rayburns*, we affirm the district court.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**LINDA M. VANZI, Judge**