This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.                                                    **NO. 32,094**

**KHRISHANA SANDOVAL,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
Reed S. Sheppard, District Judge

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

**{1}**    Khrishana Sandoval (Defendant) was convicted of driving while under the influence (DWI) in violation of NMSA 1978, Section 66-8-102 (2007, amended 2010), following a jury trial where the jury failed to reach a verdict on the DWI charge, and a subsequent bench trial in metropolitan court. Defendant appealed to the district court for on-record review, and the district court affirmed. Defendant appealed, arguing that (1) the metropolitan court judge's denial of her request for a second jury trial violated due process; and (2) there was an impermissible appearance of judicial bias when the same metropolitan court judge that heard the first jury trial also presided over her subsequent bench trial. We find that the metropolitan court erred by denying Defendant's request for a second jury trial.

**BACKGROUND**

**{2}**    Because the parties are familiar with the facts of the case, we do not recite those facts here but include some of them in our analysis below. We briefly note the procedural history that led to this memorandum opinion.

**{3}**    In metropolitan court, Defendant was charged with DWI first offense, no license plate lamp, and driving on a revoked license. The day Defendant was to be tried before a jury, immediately before voir dire, the State advised that it would be dismissing the charge of driving on a revoked license. However, the complaint was never amended to reflect the dismissal.

**{4}** Following a jury trial, the metropolitan court jury convicted Defendant for no license plate lamps, but failed to reach a verdict on the DWI charge, resulting in a mistrial for that charge. Although requested, Defendant was denied a second jury trial and was convicted of DWI after a bench trial in the metropolitan court. Defendant appealed to the district court, which, following a de novo review, affirmed Defendant's convictions for DWI first offense and for no license plate lamp. Defendant now appeals to this Court.

**DISCUSSION**

**{5}** As a preliminary matter, the State challenges the jurisdiction of this Court to review decisions rendered by the district courts in cases involving on-record appeals. Recently, in *State v. Carroll*, this Court held that "[NMSA 1978,] Section 34-5-8(A)(3) [(1983)] vests this Court with jurisdiction to hear appeals from a district court's on-record review of a metropolitan court decision, and that [NMSA 1978,] Section 39-3-3(A)(1) [(1972)] provides defendants with a right to appeal to this Court and invoke that grant of jurisdiction." *Carroll*, 2013-NMCA___, ¶ 12, ___ P.3d ___ (No. 32,909, Oct. 21, 2013). Accordingly, we conclude that this appeal is properly before us.

**{6}** Turning to the merits, the State argues that Defendant was not entitled to a second jury trial in metropolitan court because only the DWI charge remained prior

3

to that trial, reducing Defendant's maximum potential penalty to ninety days incarceration. The State concedes that its dismissal of the revoked license charge was ineffective for non-compliance with Rule 7-506A(A) NMRA, but argues that the jury verdict in the first trial constituted an acquittal on that charge. We are not persuaded.

{7}     The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury[.]" *State v. Sanchez*, 1990-NMSC-012, ¶ 6, 109 N.M. 428, 786 P.2d 42 (alteration, internal quotation marks, and citation omitted). The Fourteenth Amendment makes the right to trial by a jury applicable to the states. *Id.*; *see also* N.M. Const. art. II, § 12. While certain petty offenses are not subject to the constitutional jury trial requirement, offenses punishable by a sentence in excess of six months imprisonment are not "petty" and defendant may demand a trial by jury. *Sanchez,* 1990-NMSC-012, ¶¶ 6-7 (internal quotation marks and citation omitted). The constitutional mandate for jury trials exists "in cases in which the possible sentence exceeds six months, whether for a single offense or for multiple offenses arising from the same incident or transaction." *Id.* ¶ 16. To determine a defendant's constitutional right to a jury trial, "a court should consider the objective measure of the combined, maximum statutory penalties[.]" *Id.* ¶ 5.

4

**{8}** The pertinent inquiry in determining a defendant's constitutional right to jury trial is "whether [a d]efendant faced the possibility of more than six months' confinement[;]" and the "relevant time of inquiry is the period immediately before trial." *State v. Grace*, 1999-NMCA-148, ¶ 9, 128 N.M. 379, 993 P.2d 93. If before trial, "the statutory penalty threatened by the crime with which a defendant is charged exceeds six months of jail time, the defendant is vested with the right to be heard before a jury." *Id.* ¶ 10. The charges brought serve as notice to the defendant of the scope of the potential penalty. *Id.*

**{9}** In *Grace*, the criminal complaint in magistrate court charged defendant with DWI, second offense. This offense carried a maximum imprisonment of 364 days. A jury convicted defendant of DWI, second offense. The magistrate court sentenced him to 364 days in jail with 360 days suspended. Defendant appealed his conviction to the district court for a trial de novo. The state claimed that the charge in district court was a basic charge of DWI that carried a maximum sentence of 90 days, therefore defendant was not entitled to a jury trial. There was nothing in the record to show that the state reduced the charge from DWI, second offense to DWI, first offense, for the trial de novo. The state argued the conviction for DWI, second offense was proof of a prior DWI conviction which is not an element of the offense, but rather only important for purposes of sentencing. The district court agreed and proceeded with a

bench trial. *Grace* held that "[w]ithout amendment to the criminal complaint . . . [the d]efendant was entitled to a jury trial in the district court." *Id.* ¶ 11. The court's rationale was "[b]ecause of the importance of the possibility of loss of one's liberty, our constitutional analysis to determine the right to a jury trial must be based upon the prospect of imprisonment rather than burden of proof at trial." *Id.* ¶ 8.

{10}    In this case, the original charges against Defendant subjected her to a potential imprisonment of more than six months, entitling her to a jury trial. *See generally* Rule 7-602(B) NMRA (stating "[i]f the offense is a misdemeanor or other offense or combination of offenses where the potential or aggregate penalty includes imprisonment in excess of six (6) months, the case shall be tried by jury unless the defendant waives a jury trial"); *see also* § 66-8-102(E) (defining the penalty for DWI as "[a] first conviction pursuant to this section shall be punished . . . by imprisonment for not more than ninety days or by a fine of not more than five hundred dollars ($500), or both"); NMSA 1978, § 66-5-39(A) (1993, amended 2013) (defining the penalty for driving while license revoked as "[u]pon conviction, the person shall be punished . . . by imprisonment for not less than four days or more than three hundred sixty-four days or participation for an equivalent period of time in a certified alternative sentencing program").

{11} It is undisputed that the State orally expressed its intention to dismiss the revoked license charge and the State concedes that the oral dismissal was ineffective. "The [state] has wide discretion to file [an order of dismissal], as long as the relevant procedural rules are followed." *State v. Gardea*, 1999-NMCA-116, ¶ 5, 128 N.M. 64, 989 P.2d 439.

{12} Rule 7-506A(A), governing voluntary dismissals, provides:

> The prosecution may dismiss a . . . criminal complaint by filing a notice of dismissal. The notice of dismissal shall be substantially in the form approved by the Supreme Court. . . . A notice of dismissal shall be filed . . . prior to the commencement of the trial if the charges are within metropolitan court trial jurisdiction[.]

The State's discretion is regulated by virtue of this Supreme Court Rule. *See State v. Ware*, 1993-NMCA-041, ¶ 8, 115 N.M. 339, 850 P.2d 1042 (noting that "absent an abuse of that discretion, the [district] court will not exercise its control over the movements of a given case"). We have recognized that "Rule 7-506[A] is not a mere technicality." *Gardea*, 1999-NMCA-116, ¶ 8. And dismissals that fail to conform to Rule 7-506A are deemed ineffective. *See id.*

{13} In this case, the State never amended the complaint and no notice of dismissal was filed. In fact, the notice of the second trial setting continues to refer to all three originally charged offenses. As a result, the revoked license charge was still pending and subject to prosecution at the time of the second trial. Defendant's potential

sentence remained in excess of six months incarceration. The State's failure to pursue prosecution of the revoked license charge at the second trial did not eliminate the potential penalty for that charge, and did not reduce the maximum potential incarceration, which exceeded six months, for the pending charges in the State's un-amended complaint. We conclude that Defendant still had a vested right to a trial by jury and the metropolitan court erred by denying Defendant's request for the second jury trial.

**{14}** As to the State's arguments that the State's concession that it lacked the necessary evidence on the revoked license charge amounted to a directed verdict or, alternatively, the jury verdict in the first trial constituted an acquittal on the ineffectively dismissed charge, the State does not point to any authority to support these contentions. *See In re Adoption of Doe,* 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel."). We need not address Defendant's remaining arguments.

**CONCLUSION**

**{15}** For the foregoing reasons, we reverse and remand for a new jury trial.

**{16}** **IT IS SO ORDERED**

8

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**J. MILES HANISEE, Judge**

9