This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40737

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**CONROY WILLIAMS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Leland M. Churan, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     This matter was submitted to the Court on the State's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we reverse the district court.

**{2}**     The State is appealing from a district court order dismissing the grand jury indictment. As discussed below, the dispositive facts are not in dispute. "Whether a district court properly grants or denies a defendant's motion to dismiss an indictment on purely legal grounds presents a question of law that we review de novo." *State v. Winn*, 2019-NMCA-011, ¶ 9, 435 P.3d 1247.

**{3}**     This case began in August 2021 with the filing of a criminal complaint in magistrate court, charging Defendant with battery upon a peace officer, criminal damage to property, assault upon a peace officer, and resisting, evading, or obstructing an officer. [RP 9] The proceedings were transferred to the district court on two occasions, first for a consideration of pretrial detention, and later to address Defendant's motion for competency evaluation. [RP 88, 96] On January 25, 2022, the district court found Defendant competent and remanded the case back to magistrate court. [RP 185] Because Defendant was in custody, Rule 6-202(A) NMRA required that a preliminary examination be in place within ten days of that date. This deadline was not satisfied, and no motion to dismiss for failure to comply with this deadline was filed prior to a true bill being returned by the district court grand jury on March 3, 2022, which was filed on March 9, 2022. [RP 1, 191] On June 14, 2022, Defendant filed a motion to dismiss in district court, arguing that the State had failed to satisfy the ten-day preliminary hearing deadline in the magistrate court, and arguing that the ten-day limit should be enforced irrespective of the indictment. [RP 290] The district court granted the motion to dismiss on the ground that the indictment was untimely and the delays in this case were prejudicial to Defendant. [RP 317]

**{4}**     In *State v. Gardea*, 1999-NMCA-116, ¶ 12, 128 N.M. 64, 989 P.2d 439, this Court held that an indictment supersedes a complaint by operation of law. The failure to move for dismissal prior to the indictment waives a challenge to time deadlines in the lower court. *Id.* ¶ 9. Rule 5-201(D) NMRA describes an indictment as follows:

> An indictment is a written statement returned by a grand jury containing the essential facts constituting the offense, common name of the offense, and, if applicable, a specific section number of the New Mexico Statutes Annotated which defines the offense. All indictments shall be signed by the foreperson of the grand jury.

**{5}**     In the present case, both the magistrate court's preliminary examination and the filing of the indictment occurred on the same day, March 9, 2022. [BIC 4] At the hearing on Defendant's June 14, 2022 motion to dismiss, Defendant argued that he had raised the timeliness issue at the March 9, 2022 preliminary examination, and the grand jury indictment was not filed until later that day. [RP 313] A magistrate court register of actions also indicates that a dismissal without prejudice had also been entered on March 9. [RP 308] *See* Rule 6-202(A)(3) (stating that a dismissal without prejudice for the failure to hold a timely preliminary examination "shall not prevent the prosecution from proceeding either by indictment or criminal information in the district court"). By choosing to pursue an indictment, and having the grand jury make the probable cause determination on March 3, 2022, the State satisfied its probable cause showing before

Defendant raised the timeliness issue at the March 9 hearing. *See State v. Ayon*, 2023-NMSC-025, ¶ 17 (observing that a preliminary hearing and a grand jury proceeding share the purpose of determining probable cause).

**{6}** We are also unpersuaded by Defendant's attempts to distinguish *Gardea.* [AB 11-12] Any factual distinction with this case does not undermine the central takeaway from that opinion, which is that the failure to timely object in the lower court waives the right to raise the procedural issue for the first time in district court. *See* 1999-NMCA-116, ¶ 9. We also decline to depart from *Gardea* and to hold that the ten-day limit in the magistrate court applies in the district court irrespective of whether a defendant has made a timely objection below. In effect, Defendant is advocating that the ten-day time limit in Rule 6-202(A) should be self-executing in that it bars any probable cause determination under Rule 5-201(D). Defendant maintains that such a requirement is necessary where an individual remains incarcerated. [AB 13-14] Not only does this attempt to read language into our rules that is not there, it ignores the language in Rule 6-202(A)(3) that any dismissal does not bar indictment. We will not read language into the rule that would effectively limit the grand jury's authority to make the probable cause determination where a defendant has not timely raised an objection in the lower court. *See State v. Elam*, 1989-NMCA-006, ¶ 16, 108 N.M. 268, 771 P.2d 597 ("Appellate courts will not read language into rules which [our S]upreme [C]ourt did not see fit to add unless it is necessary to conform to the obvious intent, or to prevent absurdity."). Finally, the ten-day limit that applies to incarcerated defendants is a recognition of the restraints on their liberty, and they could move for dismissal of the charges at any time after the deadline has passed. The failure to do so until after a probable cause determination had been made by a grand jury constitutes a waiver of the issue.

**{7}** For the reasons set forth above, we reverse the district court.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**