2008-NMCA-082

185 P.3d 1100

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Marcos F. LOZANO, Defendant–Appellant.**

**No. 27,527.**

Court of Appeals of New Mexico.

April 29, 2008.

Gary K. King, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, NM, for Appellee.

Keithly & English, P.C., Russell Dean Clark, Anthony, NM, for Appellant.

## OPINION

PICKARD, Judge.

{1} This case is another in which we are called upon to determine whether the State met its burden to demonstrate that its dismissal of a complaint in magistrate court followed by the refiling of the same charge in district court was not done for bad reasons or to circumvent the six-month rule. In contrast to *State v. Rayburns*, 2008–NMCA–050, 143 N.M. 803, 182 P.3d 786, *cert. granted*, 2008–NMCERT–004, 144 N.M. 49, 183 P.3d 934 [ (No. 31,021) (April 18, 2008) ], and *State v. Carreon*, 2006–NMCA–145, 140 N.M. 779, 149 P.3d 95, *cert. quashed*, 2007–NMCERT–008, 142 N.M. 436, 166 P.3d 1090, we hold that the district court could properly have found that the State's actions in this case were not done for bad reasons or to circumvent the rule. We therefore affirm the district court's denial of Defendant's motion to dismiss and the subsequent judgment and sentence following Defendant's conditional plea.

{2} We recently stated the standard of review for this issue in *Rayburns*, 2008–NMCA–050, ¶ 7. While we review de novo a district court's application of the six-month rule, we review questions of historical fact, such as the existence of the prosecutor's good faith intentions, with the deference of the substantial evidence standard. *Id.*

{3} Our cases have long held that the state may ordinarily dismiss and refile charges at its discretion and that the six-month rule will be calculated based on the new charges. *See State ex rel. Delgado v. Stanley*, 83 N.M. 626, 627–28, 495 P.2d 1073, 1074–75 (1972). However, we have always reserved the right to go behind that discretion to determine whether the state's actions were taken to circumvent the rule or for other improper motives. *Id.; see State v. Ahasteen*, 1998–NMCA–158, ¶ 22, 126 N.M. 238, 968 P.2d 328. If so, we have ruled that the six-month rule will run from the filing of the original charges, usually resulting in the dismissal of the new charges. *Rayburns*, 2008–NMCA–050, ¶¶ 19, 22; *Carreon*, 2006–NMCA–145, ¶ 11, 140 N.M. 779, 149 P.3d 95; *see State v. Bolton*, 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075.

{4} In *State v. Heinsen*, 2005–NMSC–035, ¶¶ 1, 27, 138 N.M. 441, 121 P.3d 1040, our Supreme Court approved the practice of dismissing charges in magistrate court when a motion to suppress was filed and refiling the charges in district court so that any suppression could be appealed to a higher court. In *Ahasteen*, we approved the practice of filing originally in district court when it was known that the defendant would appeal de novo to district court and thereby cause unnecessary expense in trying a case twice. 1998–NMCA–158, ¶¶ 23–24, 126 N.M. 238, 968 P.2d 328. However, in *Carreon*, we held that the practice of dismissing in magistrate court and refiling in district court to avoid unnecessary expense, when such practice was engaged in toward the end of the six-month period and was accompanied by failure to timely provide discovery, had the necessary effect of circumventing the rule and therefore would not be approved. 2006–NMCA–145, ¶¶ 1, 10–12, 140 N.M. 779, 149 P.3d 95. Similarly, in *Rayburns*, we held that a district court was correct to dismiss charges for circumvention of the rule where the magistrate charges were dismissed by the state after evidence was suppressed for the state's discovery rule violations toward the end of

the six-month period. 2008–NMCA–050, ¶¶ 2–4, 16–18, 22.

{5} One crucial distinction between the cases that required dismissal and the cases that did not appears to be the point at which the charges are dismissed in magistrate court and refiled in district court. In the instant case, the responsible assistant district attorney testified about the practice in her district. Like the practice in *Carreon,* the Third Judicial District Attorney has a policy to investigate the possibility of disposing of the cases without trial in magistrate court and, if the cases are amenable to pleas, to dispose of them in magistrate court, but if not, to dismiss and refile in district court to preserve the right to appeal adverse rulings and for judicial economy. However, in contrast to *Carreon,* the testimony in this case was that the investigation was done at or before the pretrial conference, which was held early in the six-month period. The assistant district attorney testified that "[w]e're trying to do it as quickly as possible so that the cases do get resolved as quickly as possible. We're not just concerned about the six-month rule, we're concerned about speedy trial. . . . If it [cannot] be [resolved in magistrate court, we want to] get [it to] district court as quickly as possible."

{6} This testimony, and the same witness's testimony that cases were not brought to district court to get more favorable treatment and that it was only in some number of cases that the six-month rule was exceeded, makes all the difference. In fact, in this case, the magistrate six-month rule was due to expire only a few weeks before the date for which Defendant's district court trial was set. The testimony and time line in this case gave the district court a factual basis for finding that there was no intent to circumvent the six-month rule or other improper motive for the State's actions. These same factors give us a reason to uphold that finding and thereby distinguish *Rayburns* and *Carreon.* Finally, although a motion to suppress was not filed here, we believe that these factors make this case more like *State v. Neal,* 2008–NMCA–008, 143 N.M. 341, 176 P.3d 330 than *Rayburns* or *Carreon.* In *Neal,* this Court emphasized the tardiness of the dismissal in *Carreon* and the fact that the state had not engaged in plea negotiations until the last minute in that case. *Neal,* 2008–NMCA–008, ¶¶ 13–14, 143 N.M. 341, 176 P.3d 330.

{7} The district court's denial of Defendant's motion to dismiss is affirmed, and we accordingly affirm Defendant's judgment and sentence.

{8} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge, and RODERICK T. KENNEDY, Judge.