2008-NMCA-129

192 P.3d 1236

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Scott YATES, Defendant–Appellee,**

**State of New Mexico, Plaintiff–Appellant,**

v.

**Alberto Savedra, Defendant–Appellee,**

**State of New Mexico, Plaintiff–Appellant,**

v.

**Jose Lozano, Sr., Defendant–Appellee.**

**Nos. 27,290, 27,288, 27,289.**

Court of Appeals of New Mexico.

July 25, 2008.

Certiorari Granted, No. 31,288, Sept. 15, 2008.

Gary K. King, Attorney General, Santa Fe, NM, Max Shepherd, Assistant Attorney General, Albuquerque, NM, for Appellant.

Gary C. Mitchell, P.C., Gary C. Mitchell, Ruidoso, NM, for Appellees Yates and Lozano.

Thomas E. Lilley, P.C., Thomas E. Lilley, Roswell, NM, for Appellee Savedra.

## OPINION

ALARID, Judge.

{1} New Mexico law favors the prompt disposition of criminal charges. N.M. Const. art. II. § 14. To carry out the policy favoring prompt disposition of criminal charges, our Supreme Court has adopted for each trial court a so-called "six-month rule."

Rules 5–604(B), 6–506(B), 7–506(B), 8–506(B) NMRA. Each of the three cases before this Court involves a similar fact pattern: the State files a criminal complaint including a misdemeanor DWI charge against each Defendant in magistrate court, knowing and intending that if the Defendant exercises his right to a trial, the complaint will be dismissed and refiled in district court; a triggering event as defined by Rule 6–506(B) [1] occurs, starting the running of the six-month [2] rule; thereafter, but prior to the expiration of the period within which the case must be tried under Rule 6–506(B), the State dismisses the magistrate court proceeding and institutes a criminal prosecution in district court on the same underlying charges; [3] after the point in time that the case would be subject to dismissal under Rule 6–506(E), but prior to the point in time that the case would be subject to dismissal under the literal language of Rule 5–604(B), each Defendant moves to dismiss the case, arguing that his trial has not occurred within the time limits of Rule 6–506(B); [4] the district court grants the motion and the State appeals.[5]

{2} The Rules of Criminal Procedure for each court of limited jurisdiction, including the Rules of Criminal Procedure for the Magistrate Courts, include a rule expressly addressing how the six-month rule is to be applied where the State files charges, dismisses those charges, and then refiles the same charges:

> If a citation or complaint is dismissed without prejudice and the charges are later refiled, the case *shall* be treated as a continuation of the same case, and the trial on the refiled charges *shall* be commenced within the unexpired time for trial pursuant to Rule 6–506 NMRA, unless the court, after notice and a hearing, finds the refiled complaint should not be treated as a continuation of the same case.

Rule 6–506A(D) (emphasis added), *cf.* Rule 7–506A(D), Rule 8–506A(D). Each of these rules of court adopts a default rule by which the six-month rule clock is *not* automatically reset by the dismissal and refiling. Under these rules, resetting the six-month rule clock upon the refiling of the same charges is the exception, not the norm. Prosecutors may do as they wish by voluntarily dismissing charges brought in magistrate court, Rule 6–506A(A), but in view of Rule 6–506A(D) prosecutors should not expect to routinely be relieved of the sixth-month rule consequences triggered by the first prosecution.

{3} There is no provision in the Rules of Criminal Procedure for the District Courts analogous to Rule 6–506A(D). Instead, the rules governing the six-month rule consequences of sequential prosecutions in district court have been created by judicial decision, beginning with the Supreme Court's opinion in *State ex rel. Delgado v. Stanley*, 83 N.M. 626, 495 P.2d 1073 (1972). The default rule developed for district courts through case law is the mirror image of the default rule adopted through rule-making for courts of limited jurisdiction: in district court, the refiled case will be deemed a new prosecution and the six-month rule will be reset, unless it appears that the State dismissed the first prosecution for a "bad" reason. *State v.*

---

1.  Defendant Lozano was arraigned in magistrate court on April 25, 2006; Defendant Savedra was arraigned in magistrate court on March 3, 2006; Defendant Yates filed a waiver of appearance/arraignment on January 26, 2006. In the absence of a later-occurring event listed in Rule 6–506(B), the period prescribed by Rule 6–506(B) would have begun to run from the date of the respective Defendant's arraignment or waiver of arraignment. Rule 6–506(B)(1).

2.  The period prescribed by Rule 6–506(B) is 182 days; the period prescribed by Rule 5–604(B) is six months. For purposes of this opinion we will refer to either Rule as a "six-month" rule.

3.  The dismissed and refiled charges against Defendant Lozano on June 30, 2006; against Defendant Savedra on June 2, 2006; and against Defendant Yates on June 2, 2006.

4.  Defendant Lozano moved to dismiss the district court prosecution on November 28, 2006; Defendant Savedra moved to dismiss on December 1, 2006; Defendant Yates moved to dismiss on November 27, 2006.

5.  The district court granted Defendant Lozano's motion on December 5, 2006; the district court granted Defendant Savedra's motion on December 5, 2006; the district court granted Defendant Yates's motion on November 30, 2006.

*Bolton,* 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075.

{4} We are presented with two obvious, but mutually inconsistent, alternatives: (1) follow Rule 6–506A(D) by treating the triggering event as defined by Rule 6–506(B)(1) in the first-filed case as the triggering event in the second case; or (2) apply Rule 5–604(B)(1) literally, disregarding any triggering event that occurred in magistrate court and treating the "arraignment, or waiver of arraignment, in the district court" as the triggering event. The first alternative seems to us to be consistent with the policies underlying the six-month rule and with Rule 6–506A(D), yet is inconsistent with the literal language of Rule 5–604(B)(1), which refers to "arraignment, or waiver of arraignment, *in the district court.*" (Emphasis added). The second reading is consistent with the language employed by the drafters of Rule 5–604(B)(1), yet it requires us to disregard Rule 6–506A(D), and seems to us to violate the spirit of the six-month rule and to invite prosecutors to manipulate the overlapping magistrate-district court criminal jurisdiction by filing charges in magistrate court secure in the knowledge that if the defendant declines to enter into a plea agreement in magistrate court, the period during which the six-month rule was running in magistrate court will not count against the State if and when charges are dismissed and refiled in district court.

{5} To break this analytical stalemate, we look to a basic principle of law: treat like cases alike. *Benavidez v. Sierra Blanca Motors,* 122 N.M. 209, 214, 922 P.2d 1205, 1210 (1996). The interests served by the six-month rule are substantially the same when a case is filed in magistrate court, dismissed, and refiled in magistrate court and when a case is filed in magistrate court, dismissed, and refiled in district court. Similarly-situated defendants ought to be afforded similar rights. The principle that like should be treated alike inclines us to afford all defendants whose prosecutions are initiated in magistrate court the benefit of Rule 6–

506A(D), regardless of whether the State refiles the charges in magistrate court or district court. Applying the default rule incorporated in Rule 6–506A(D), we hold that the refiled charges in Defendants' cases are presumptively a continuation of the original magistrate court prosecutions for purposes of the six-month rule.

{6} By an appropriate showing, Rule 6–506A(D) allows the State to overcome the presumption that a refiled case continues the original prosecution. In the cases now before us, the State justifies its dismissals of Defendants' cases by reference to an informal, but apparently uniform, policy of prosecutors in the Fifth Judicial District applicable to misdemeanor DWI charges originally filed in magistrate court. Pursuant to this policy, when it becomes apparent to the prosecutor that the defendant will not enter into a plea agreement, the prosecutor dismisses the magistrate court prosecution and refiles the charges in district court.[6] The State argues that the policy followed by prosecutors in the Fifth Judicial District is necessary because DWI defendants invariably exercise their statutory right to a trial de novo in district court, NMSA 1978, § 35–13–2(A) (1975), requiring the State to retry any case in which the State prevails in magistrate court. As we understand the State's position, the State maintains that the district court should have applied Rule 5–604(B) to determine the triggering event for purposes of the six-month rule without regard to the prior occurrence of a triggering event under Rule 6–506(B) and without regard to the policy incorporated into Rule 6–506A(D). Under the State's approach, the period expended in plea negotiations will never count against the State because the six-month rule clock automatically will be reset when the State refiles the case in district court, and the six-month period will not begin to run until a new triggering event as defined by Rule 5–604(B) occurs, regardless of the period of time that had expired under Rule 6–506 while the case was pending in magistrate court.

---

6. This is the very same policy that we considered in *State v. Carreon,* 2006–NMCA–145, ¶ 6, 140 N.M. 779, 149 P.3d 95.

{7} We do not question the legitimacy of the State's interest in avoiding the burdens of successive trials in magistrate court and district court. *See State v. Ahasteen*, 1998–NMCA–158, ¶ 23, 126 N.M. 238, 968 P.2d 328 (observing that "trying the case in district court at the outset would avoid duplication of efforts, conserve the State's resources, and promote judicial economy"). The State's articulation of an interest that is legitimate when considered in isolation does not end our inquiry, however. Here, the State's chosen method of advancing its interest in avoiding duplicative trials conflicts with the interest advanced by Rule 6–506(B). Accordingly, we must balance the concededly legitimate interests furthered by the Fifth Judicial District policy against the important interests furthered by the six-month rule.[7]

{8} In balancing competing interests, we think it appropriate to consider solutions other than the one adopted by the State. Most obviously, the State could avoid successive trials by adopting a policy of initiating misdemeanor DWI prosecutions in district court, rather than magistrate court.[8] Alternatively, the State could monitor misdemeanor DWI cases filed in magistrate court to insure that they are dismissed and refiled in district court with sufficient time remaining for the district court to dispose of the case within six months of the triggering event in magistrate

court.[9] Either of these approaches would further the State's interest in avoiding successive trials without sacrificing the interests furthered by the six-month rule. Indeed, the problem of sequential, duplicative trials seems to us largely to be one of the State's own making.

{9} Prior cases have distinguished between good reasons for dismissing a case (which will allow the six-month rule clock to be reset upon refiling) and bad reasons or attempts to "circumvent" the six-month rule. *E.g., Bolton*, 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075. We are concerned that this terminology has unnecessarily judgmental connotations, suggesting that the focus of our analysis is whether the State has acted with a culpable state of mind and that six-month rule consequences attach only when the State has acted in bad faith or engaged in gamesmanship. Saying that the State had a "bad" reason for dismissing and refiling charges or that the State is attempting to "circumvent" the six-month rule is simply a way of encapsulating a judgment that the balance of interests favors attaching six-month rule consequences to the State's action, while saying that the State's reason is "good" encapsulates a judgment that the balance of interests favor relieving the State from six-month rule consequences. In decid-

---

7. The present case is distinguishable in a crucial respect from *Ahasteen*, where we upheld the State's decision to dismiss the magistrate court proceeding and refile charges in district court. In *Ahasteen*, we emphasized that the defendant had not identified a rule of court or a recognized procedural right that was infringed by the State's decision to dismiss the magistrate court proceeding and to refile in district court. 1998–NMCA–158, ¶ 24, 126 N.M. 238, 968 P.2d 328. Here, in contrast, Defendants have identified a rule of court embodying important interests that will be impaired if we hold that for purposes of the six-month rule the district court charges do not relate back to Defendants' arraignment or waiver of arraignment in district court.

8. Presumably, those cases that would have settled in magistrate court will settle if originally filed in district court. Considering that there is no de novo appeal from the judgment of the district court, defendants may have even more incentive to settle, rather than risk an unfavorable outcome at trial, when charges are filed in district court. Since plea negotiations are a routine part of modern criminal procedure, a six-

month period presumably was chosen by our Supreme Court because it allows the State an adequate amount of time both to engage in plea negotiations and to prepare for trial. Because the six-month rule already assumes that some portion of the six months may be used up in plea negotiations, the fact that such negotiations occurred, but did not result in a plea bargain, cannot of itself be an adequate reason for disregarding the presumption under Rule 6–506A(D) that refiled charges are to be treated as a continuation of the original case for purposes of the six-month rule.

9. When we treat the respective Defendants' arraignment or waiver of arraignment in magistrate court as the triggering event for purposes of Rule 6–506(B), the results are as follows: in Defendant Lozano's case, approximately 9 weeks expired prior to the dismissal and refiling of the charges on June 30, 2006; in Defendant Savedra's case, approximately 12 weeks expired prior to the dismissal and refiling of the charges on June 2, 2006; in Defendant Yates's case, approximately 17 weeks expired prior to the dismissal and refiling of the charges on June 2, 2006.

ing whether the reason for a dismissal is "bad" or "good" we cannot avoid balancing the "State's strong interest in enforcing [criminal laws] and managing criminal prosecutions," *State v. Heinsen*, 2005–NMSC–035, ¶ 27, 138 N.M. 441, 121 P.3d 1040, against the State's and Defendants' countervailing interest in the "orderly and prompt disposition of criminal cases," *Carreon*, 2006–NMCA–145, ¶ 6, 140 N.M. 779, 149 P.3d 95 (internal quotation marks and citation omitted). We believe that this balancing is not a departure from past practice. When a court is faced with a six-month rule case that involves a fact pattern that previously has not been addressed by an appellate opinion, the court cannot escape a balancing of the interests served by resetting the six-month rule clock against the interests furthered by treating the second prosecution as a continuation of the original case. In openly acknowledging that this balancing occurs, we are not creating new law.

{10} As it now stands, prosecutors in the Fifth Judicial District file misdemeanor DWI charges in magistrate court knowing and intending that no misdemeanor DWI charge will ever go to trial in magistrate court and that if the case does go to trial, it will be in district court, where the State will claim the benefit of a new six-month period under Rule 5–604(B) in derogation of the defendant's rights under Rules 6–506(B) and 6–506A(D). Unless six-month rule consequences attach to a dismissal of a magistrate court proceeding under the circumstances present in Defendants' cases, the policy of prosecutors in the Fifth Judicial District will inevitably tend to derogate the Rule 6–506(B) and Rule 6–506A(D) rights of any defendant who exercises his constitutional right to a trial.

{11} In the present context, we are inclined to adhere to our conclusion in *Carreon* that "the mere existence of the prosecutorial policy of dismissing every magistrate court case that is not settled before the six-month deadline is insufficient to sustain the State's burden." 2006–NMCA–145, ¶ 11, 140 N.M. 779, 149 P.3d 95. As noted above, the problem of duplicative trials largely results from the State's own actions in choosing to file

misdemeanor DWI charges in magistrate court. Also as noted above, the State's legitimate interest in avoiding duplicative trials can be accommodated without sacrificing each Defendant's individual right to the benefit of a six-month rule. Consistent with our decision in *Carreon*, we hold that in Defendants' cases, the refiling of charges in district court pursuant to the established policy of prosecutors in the Fifth Judicial District did not restart the running of the respective periods within which the State was required to bring Defendants to trial. Our holding is dependent on the following circumstances, which are present in each of the cases now before us: (1) the State initiated a misdemeanor DWI prosecution against Defendants in magistrate court and intended, at the outset, to dismiss the magistrate court proceeding prior to trial; (2) the period during which Defendants must be tried began running under Rule 6–506(B); (3) the State thereafter dismissed the magistrate court prosecution and refiled the same charges against Defendants in district court; and (4) the sole justification for the dismissal of the magistrate court proceeding is the State's desire to avoid duplicative trials in magistrate court and district court.

{12} We are aware that a different panel of this Court has recently affirmed the denial of a motion to dismiss under circumstances that are not materially different from the facts of the cases now before this panel. *State v. Lozano*, 2008–NMCA–082, 144 N.M. 250, 185 P.3d 1100. For a number of reasons, we cannot agree with the approach taken in *Lozano*.

{13} First, we believe *Lozano* is inconsistent with the bright line character of a six-month rule. To carry out the policy favoring prompt disposition of criminal charges, our Supreme Court supplemented the amorphous, fact-sensitive constitutional test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), with the six-month rule. The advantages of adopting a fixed period within which trial is to be commenced are ease of administration and consistency in outcomes. A six-month rule means six

months,[10] not six months plus some additional period to be determined on a case-by-case basis. As we complicate the rule with inquiries into the prosecutor's subjective motivation or the timing of the dismissal of the original charges, we diminish the principal advantages of a bright line rule.

{14} Second, we believe *Lozano* completely ignores Rule 6–506A(D). As noted above, Rule 6–506A(D) adopts a default rule that is the mirror image of the default rule developed by case law. *Lozano* relies on a rule derived from *Delgado* "that the state may ordinarily dismiss and refile charges at its discretion and that the six-month rule will be calculated based on the new charges." *Lozano*, 2008–NMCA–082, ¶ 3, 144 N.M. 250, 185 P.3d 1100. *Lozano* fails to recognize that the rule of *Delgado* has been changed by the promulgation of Rule 6–506A(D). The default rule applicable to charges originally filed in magistrate courts is that the State may ordinarily dismiss and refile charges at its discretion, but the six-month rule will be calculated based on the *original* charges.

{15} Third, we believe *Lozano* adopts a definition of circumvention that ignores the individual nature of the right created by the six-month rule. The six-month rule affords *each* defendant an *individual* right to have his trial brought within the period specified by the rule. Evidence "that it was only in some number of cases that the six-month rule was exceeded," 2008–NMCA–082, ¶ 6, 144 N.M. 250, 185 P.3d 1100, is irrelevant to whether a particular defendant's rights were circumvented.

{16} In the present cases, the State does not argue that the running of the six-month period was suspended at any time or that it was restarted by the later occurrence of one or more of the events set out in Rule 6–506(B)(2)–(7) or Rule 5–604(B)(2)–(8). Accordingly, the six-month rule ran continuously from the date of each Defendant's arraignment or waiver of arraignment in magistrate court. In each Defendant's case the six-month period calculated from the date of arraignment or waiver of arraignment in

magistrate court expired in district court before each Defendant was brought to trial. The district court acted properly in dismissing the prosecutions. The judgments of the district court are affirmed.

{17} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL E. VIGIL, Judge and CELIA FOY CASTILLO, Judge (specially concurring).

CASTILLO, Judge (specially concurring).

{18} I concur in the result of the majority opinion, but I respectfully disagree with the analysis. I write separately to address two issues central to the application of the six-month rule in the present cases. First, I do not consider the balancing test set forth by the majority to be consistent with the analysis currently set forth under New Mexico case law. Second, I disagree with the majority's assessment of *State v. Lozano*, 2008–NMCA–082, 144 N.M. 250, 185 P.3d 1100. I will address both issues together.

{19} I agree with the majority that in each of the courts of limited jurisdiction, there is an identical rule directing that the six-month rule clock is not automatically reset by the dismissal and refiling of a case in that particular court. Rule 6–506A(D) (magistrate courts), Rule 7–506A(D) (metro courts), Rule 8–506A(D) (municipal courts). There is no similar rule for district courts, nor is there a rule that governs cases that are dismissed in metro or magistrate court and then refiled in district court. Our case deals with a dismissal in magistrate court and the refiling of charges in the district court. For this type of case, we look to case law.

{20} Generally, the state has the discretion to dismiss a criminal case in magistrate court and reinstate the charges in district court. *Heinsen*, 2005–NMSC–035, ¶ 25, 138 N.M. 441, 121 P.3d 1040. "Ordinarily, ... filing a nolle prosequi ends the previous proceeding and allows a new six-month period to run provided there was a reasonable basis to file the nolle prosequi." *Id.* ¶ 26. Nevertheless,

---

**10.** Rule 6–506(B) specifies 182 days as the period for bringing the defendant to trial; Rule 5– 604(B) refers to six months.

when a defendant challenges the state's exercise of discretion in dismissing and refiling, the state must demonstrate "the bona fides of its procedure and that its actions were not taken to circumvent the six-month rule." *Bolton,* 1997–NMCA–007, ¶ 8, 122 N.M. 831, 932 P.2d 1075; *see also State v. Neal,* 2008–NMCA–008, ¶ 9, 143 N.M. 341, 176 P.3d 330 (explaining that when a defendant "claims that the [s]tate has filed a nolle prosequi and reinstituted charges in order to circumvent the six-month rule, then the burden is on the [s]tate to demonstrate . . . that it did not take its actions to circumvent the six-month rule or for other bad reasons" (internal quotation marks and citation omitted)). In sum, "[p]rosecutors may ordinarily do what they wish-unless there is a bad reason for what they do, in which event the court will supervise it in a way that might prevent the prosecution." *Bolton,* 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075.

{21} "[A] de novo standard is applied to determine the type of reasons that will justify a dismissal without [Rule] 5–604 sanctions or the type of analysis that should be utilized in these cases." *Bolton,* 1997–NMCA–007, ¶ 13, 122 N.M. 831, 932 P.2d 1075. This Court has previously reviewed the New Mexico cases on this issue and has distilled the situations in which the state successfully met its burden: "fluctuations in the stories of witnesses, the unavailability and subsequent reappearance of witnesses, . . . newly discovered evidence[,] . . . when the trial court rejects a plea bargain, when the defendant is in a pre-prosecution diversion program, and when an event is to the mutual benefit of the parties." *State v. Rayburns,* 2008–NMCA–050, ¶ 11, 143 N.M. 803, 182 P.3d 786 (internal quotation marks and citations omitted). A new six-month period begins to run in the district court when the state files a nolle prosequi after a magistrate court's suppression order, as long as the state shows that it acted in order to preserve its right to appeal and that it did not do so for purposes of delay. *Id.* ¶¶ 13, 15. On the other hand, "lack of preparedness, delay, and circumvention of the six-month rule or other rules of procedure are improper purposes, for which the state does not receive the benefit of a

new six-month period in district court." *Id.* ¶ 12.

{22} In *Carreon,* this Court first considered the effect of a policy identical to the one followed by the prosecutor in the cases before us. Relying on the analysis in prior cases, we held that "the mere existence of the prosecutorial policy of dismissing every magistrate court case that is not settled before the six-month deadline is insufficient to sustain the [s]tate's burden." 2006–NMCA–145, ¶¶ 7, 11, 140 N.M. 779, 149 P.3d 95.

{23} In *Lozano,* we addressed a policy similar to the policy in *Carreon* and the policy used in the cases before us, but we came to a different conclusion. *Lozano,* 2008–NMCA–082, ¶¶ 3, 5, 7, 144 N.M. 250, 185 P.3d 1100 (affirming the district court's denial, based on violation of the six-month rule in magistrate court, of the defendant's motion to dismiss). Two factual issues were dispositive in *Lozano.* First, the timeline of the filing in magistrate court, the dismissal, and the refiling in district court indicated that the state was not attempting to circumvent the six-month rule. *Id.* ¶ 6. The trial date in district court was set for only a few weeks after the magistrate court six-month period was due to expire. *Id.* Second, the state offered testimony to explain the policy and the motivation of the prosecuting attorney. *Id.* ¶ 5. "Th[is] testimony and time line . . . gave the district court a factual basis for finding that there was no intent to circumvent the six-month rule or other improper motive for the [s]tate's actions." *Id.* ¶ 6.

{24} Now turning to the cases before us, I agree that the district court should be affirmed, but I base my conclusion on the analysis articulated in *Carreon* and *Lozano.* The timelines in the cases before us demonstrate that in Defendant Yates's and Defendant Savedra's cases, a significant period of time elapsed between when the magistrate court six-month rule would have expired and the trial date that was set in district court. For Defendant Yates, the magistrate court six-month period expired on July 26, 2006, and the district court trial date was set for November 28, 2006. Defendant Savedra's magistrate court six-month period expired on September 3, 2006, and his district court trial

date was set for December 5, 2006. In both cases, the magistrate court six-month period had lapsed for a few *months*, not the "few weeks" this Court accepted in *Lozano*. *Id.* ¶ 6. In the current Defendant Lozano's case, the magistrate court six-month period expired on October 30, 2006, and this district court trial date was also set for December 5, 2006. Only six weeks would have elapsed between the expiration of the magistrate court period and the date for trial. I acknowledge that this shorter time frame operates in the State's favor as evidence of good faith; however, in none of the cases did the State offer any testimony or evidence to explain its motivations, as was done in *Lozano*. The prosecutor in *Lozano* testified as follows:

> We're trying to do it as quickly as possible so that the cases do get resolved as quickly as possible. We're not just concerned about the six-month rule, we're concerned about speedy trial. . . . If it [cannot] be [resolved in magistrate court, we want to] get [it to] district court as quickly as possible.

*Id.* ¶ 5 (alterations in original) (internal quotation marks omitted). The prosecutor in the present cases stated that there was no bad faith, but he did not explain how the State intended to avoid multiple trials without running afoul of either the technical application or the spirit of the six-month rule. The State relied exclusively on the Fifth Judicial District policy to dismiss and refile when it is apparent that no settlement is possible. The majority properly explains that reliance on a policy of dismissing and refiling is not enough by itself to satisfy the State's burden. Majority Opinion ¶ 8; *see also Carreon*, 2006–NMCA–145, ¶ 11, 140 N.M. 779, 149 P.3d 95. Thus, under current New Mexico law, I would affirm the district court's dismissal because the State did not meet its burden in any of the cases.

{25} My review of case law demonstrates that New Mexico appellate courts have provided significant guidance when analyzing whether the state should be allowed a new six-month period in district court. *Carreon* and *Lozano* provide guidance when a policy regarding dismissals is evaluated. The majority, however, reaches its conclusion by implementing a balancing test that weighs "the State's strong interest in enforcing [criminal laws] and managing criminal prosecutions" against "the State's and Defendants' countervailing interest in the orderly and prompt disposition of criminal cases." Majority Opinion ¶ 9 (alteration in original) (internal quotation marks and citations omitted).

{26} I disagree with this approach. By characterizing our prior case law as effectively imposing such a balancing test, the majority in this case does away with the general rule allowing prosecutors to exercise their discretion "unless there is a bad reason for what they do." *Bolton*, 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075. I agree that *Heinsen* explains that "[t]he district court may inquire into the reasons for the dismissal to resolve the conflict between the policies underlying the six-month rule and the prosecutor's discretion to decide where to prosecute criminal charges and otherwise manage the prosecution." 2005–NMSC–035, ¶ 26, 138 N.M. 441, 121 P.3d 1040. This language, however, does not change the analysis. If a balancing test is to be used, I believe it is up to our Supreme Court to implement this new approach. It is not the prerogative of this Court to articulate a new test, particularly when the Supreme Court has already espoused an analysis that examines the state's motivation for dismissing and refiling. *See Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973).

{27} Despite the differences between *Lozano* and the current cases, the majority opinion chooses to reject the analysis of this Court in *Lozano*. Majority Opinion ¶ 12. I cannot agree with this approach for two reasons. First, it is unnecessary. As I have demonstrated, it is possible to distinguish *Lozano* without disavowing the approach taken by a different panel of this Court. Second, I consider it to be "more important for this Court to follow its own precedent than to allow the rights of the parties to be governed by which panel of judges is assigned to the case." *Arco Materials, Inc. v. Taxation & Revenue Dep't*, 118 N.M. 12, 17, 878 P.2d 330, 335 (Ct.App.1994) (Black, J., specially concurring).

{28} I agree that questions regarding the application of the six-month rule can arise when a case is dismissed from magistrate court and refiled in district court. Perhaps it would be helpful for the Supreme Court to consider amending the Rules of Criminal Procedure for district courts and magistrate courts in order to explain under what circumstances the arraignment in magistrate court would remain the triggering event for application of the district court six-month rule and under what circumstances a new six-month rule would begin. But until the Supreme Court does so, I do not believe it is the prerogative of this Court to do so by case law that implicitly overrules cases of both the Supreme Court and this Court.

{29} For the reasons listed above, I concur in result, but I cannot concur in the analysis used by the majority to arrive at that result.