# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 29,127**

**ERNIE DURAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Max Shepherd, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Monica Tolden, Assistant Public Defender
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant Ernie Duran appeals the district court's denial of his motion to dismiss based on a violation of Rule 6-506 NMRA. We issued a calendar notice

proposing to summarily reverse the district court. The State filed a timely memorandum in opposition, which we have duly considered. Unpersuaded by the State's response, we reverse and remand this case to the district court to dismiss the charges against Defendant.

**DISCUSSION**

Defendant argues that the district court erred in denying Defendant's motion to dismiss based on a violation of the time limits for bringing his case to trial under Rule 6-506. [DS 5] Defendant contends that there were no "exceptional circumstances" shown by the State to justify filing a motion for an extension within ten days after the expiration of the time limits. [Id.]

"Rule 6-506 requires a defendant's trial to commence within one-hundred eighty-two days of a triggering event, absent permissible extensions." *See State v. Carreon*, 2006-NMCA-145, ¶ 6, 140 N.M. 779, 149 P.3d 95, *cert. quashed*, 2007-NMCERT-008, 142 N.M. 436, 166 P.3d 1090. The State may obtain an extension by a motion filed within ten days of the expiration of the applicable time limits; however, the State must show exceptional circumstances beyond the control of the State or the trial court. *See State v. Dominguez*, 2007-NMCA-132, ¶ 7, 142 N.M. 631, 168 P.3d 761 (discussing extensions for the district court's six-month rule as provided in Rule 5-604(E) NMRA). The district court's application of the six-month rule is an issue

we review de novo. *Id.* ¶ 8.

In this case, Defendant was arraigned in magistrate court on March 7, 2008, on charges of driving under the influence of alcohol/drugs, speeding, driving with a suspended or revoked license, and no insurance. [RP 71] Pursuant to the district attorney's policy, after Defendant made a timely demand for a jury trial, the State dismissed the magistrate court case and refiled the same charges in the district court. [Id.] Under the magistrate court rules, the time limits for commencement of trial would have expired on September 5, 2008. [Id. 72] *See* Rule 6-506. On September 10, the State filed a petition for an extension of time. [RP 63-64] The State acknowledged in its petition that pursuant to the case of *State v. Yates*, filed July 25, 2008, the six-month rule would be calculated from the time of arraignment in magistrate court. [RP 64] *See Yates* 2008-NMCA-129, ¶ 11, 144 N.M. 859, 192 P.3d 1236, *cert. granted by State v. Savedra*, 2008-NMCERT-009, 145 N.M. 258, 196 P.3d 489. The State conceded that pursuant to *Yates* it was filing the petition after the expiration of the rule; however, the State claimed that exceptional circumstances existed because it had "been operating under the good faith belief that the six month rule commenced upon arraignment in District Court." [Id.] Defendant opposed the petition and filed a motion to dismiss based on the expiration of the time limits for commencing trial. [RP 64, 66-67] After a hearing, the district court found that the

time limits for bringing Defendant to trial had expired under Rule 6-506 and that the State was seeking an extension within the ten-day period after expiration of the rule, which is limited to exceptional circumstances. [RP 72] *See* Rule 6-506(D). The court found that exceptional circumstances existed because the State did not know about *Yates* until August 1, 2008, and had not had time to discover all of the cases within its possession that were affected by *Yates* prior to the expiration of the time limits in Rule 6-506 in this case. [Id.]

Defendant appealed, challenging the district court's conclusion that exceptional circumstances existed to justify the State's request for an extension after the expiration of the applicable time limits. [DS 5] We issued a calendar notice proposing to agree with Defendant. As discussed in the calendar notice, we were not persuaded that the State's failing to assess the effect of a decision of this Court for more than a month constituted exceptional circumstances. *See Dominguez*, 2007-NMCA-132, ¶ 11 (rejecting the State's assertion that it did not seek an extension earlier because of a heavy caseload). Committee commentary in the magistrate and district court rules indicates that "exceptional circumstances" include situations beyond the control of the State or trial court, such as the death or illness of the judge, prosecutor, or defense attorney immediately before trial. *See* Rule 6-506; Rule 5-604(E). We therefore proposed to reverse the district court on its ruling that exceptional circumstances

applied.

The State's memorandum in opposition does not address our proposed disposition on exceptional circumstances. Instead, the State argues that *Yates* was incorrectly decided and that the parties, the district court, and this Court should not rely on it. [MIO 1-14] We note that the State did not argue below that *Yates* did not apply. [RP 63-65] The State raised *Yates* itself to justify its petition for an extension and assumed it applied. [Id.] Thus, the State did not preserve the argument that it now makes on appeal. In addition, by assuming that *Yates* applied, the State did not even attempt to show that it was dismissing and refiling the case for a proper reason, but argued that *Yates* amounted to an exceptional circumstance justifying an extension. As a result, the State has no basis for now arguing on appeal that the State carried its burden of establishing that its policy was not used to circumvent the six-month rule. *Cf. State v. Lozano*, 2008-NMCA-082, ¶ 6, 144 N.M. 250, 185 P.3d 1100 (addressing a similar policy as that in *Yates*, but reaching a different conclusion by recognizing that the district court had a factual basis for finding that there was no intent to use the policy to circumvent the six-month rule).

Because the State raises a new issue on appeal that was not preserved, and because it failed to address our proposed disposition on exceptional circumstances, we remain persuaded that exceptional circumstances did not exist to justify filing a

request for an extension after the applicable time limits for bringing this case to trial had expired. We therefore reverse the district court's order denying Defendant's motion to dismiss.

**CONCLUSION**

For these reasons, and those in the calendar notice, we reverse the district court and instruct the court to enter an order dismissing the charges against Defendant for violation of the six-month rule.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CELIA FOY CASTILLO, Judge**

_____
**LINDA M. VANZI, Judge**

6