This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.                                        **NO. 29,509**

**DEBORAH M. PULITI,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

The Pickett Law Firm, LLC
Mollie C McGraw
Las Cruces, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

The State appeals from the district court denial of its petition for an extension of time pursuant to Rule 5-604 NMRA[1] and dismissal of the charges against Defendant. This Court issued a calendar notice proposing to affirm the district court. The State has filed a memorandum in opposition, and Defendant has filed a memorandum in support of this Court's proposed disposition. Having given due consideration to the arguments of the parties, we affirm. To the extent the State has raised new issues in its memorandum in opposition, we treat the new issues as a motion to amend the docketing statement and deny the motion.

**DISCUSSION**

In this Court's calendar notice, we proposed to conclude that, due to the delay in magistrate court and what appeared to be a lack of preparedness on the part of the State in moving the case forward once refiled in district court, the district court did not err in failing to find good cause to support the State's request for an extension of time. [CN 2-4] In its memorandum in opposition, the State has raised the following

---

[1] All references to Rule 5-604 herein refer to the rule as amended by the Supreme Court's Order No. 08-8300-052 entered on November 24, 2008. This Court does not rely on any subsequent amendments to Rule 5-604 for the purpose of this opinion.

arguments: (1) the district court erred in applying *State v. Yates,* 2008-NMCA-129, 144 N.M. 859, 192 P.3d 1236, *cert. granted*, *State v. Savedra*, 2008-NMCERT-009, 145 N.M. 258, 196 P.3d 489, and not recalculating the rule from Defendant's waiver of arraignment in district court [MIO 2-4]; (2) the district court, and this Court in its proposed notice of disposition, erred in determining that the State had not demonstrated good cause to support an extension of time under Rule 5-604(C) [MIO 5, 11-13]; (3) the district court's reversal of its initial oral ruling resulted in the State losing the opportunity to petition our Supreme Court for an extension of time pursuant to Rule 5-604(D) & (E) [MIO 5-6]; and (4) the district court did not have the authority to enter an automatic dismissal [MIO 3-5]. We address each argument in turn.

**The District Court Correctly Determined that the Six-Month Rule Did Not Restart with the State Refiling Charges in District Court**

The State contends in its memorandum in opposition that the district court erred in applying *Yates* and in not recalculating the six-month rule from Defendant's waiver of arraignment in district court. [MIO 2-9] To the extent the State argues that it was improper for the district court to rely on *Yates*, we disagree. *Yates* is the latest pronouncement from this Court, and although certiorari has been granted, the Supreme Court has not reversed or overruled this Court's decision in *Yates*. Until the Supreme Court does so, *Yates* remains controlling precedent on which our courts are entitled

3

to rely. *See Arco Materials, Inc. v. State, Taxation & Revenue Dep't*, 118 N.M. 12, 14, 878 P.2d 330, 332 (Ct. App. 1994), *rev'd on other grounds by Blaze Constr. Co. v. Taxation & Revenue Dep't*, 118 N.M. 647, 648, 884 P.2d 803, 804 (1994).

Moreover, *Yates* appears to address the very circumstance presented by this appeal. *Yates* involved three cases that were consolidated on appeal. In each case, the prosecutors in the Fifth Judicial District filed a criminal complaint in magistrate court, "knowing and intending that if the [d]efendant exercise[d] his right to a trial, the complaint [would] be dismissed and refiled in district court." *Yates*, 2008-NMCA-129, ¶ 1. We held that, under these circumstances, "refiled charges . . . are presumptively a continuation of the original magistrate court prosecutions for purposes of the six-month rule," *id.* ¶ 5, and that the state had failed to meet its burden of demonstrating a basis for restarting the rule. *See id.* ¶ 11 (relying on *State v. Carreon*, 2006-NMCA-145, ¶ 11, 140 N.M. 779, 149 P.3d 95, for the proposition that "the mere existence of the prosecutorial policy of dismissing every magistrate court case that is not settled before the six-month deadline is insufficient to sustain the [s]tate's burden" (internal quotation marks omitted)).

Similarly, here, the State has not offered any basis for restarting the rule. To the extent the district court found that the State dismissed the magistrate court

4

proceedings because Defendant exercised her right to a jury trial [RP 113], we hold that this is an insufficient basis to support the restarting of the six-month rule. *See Yates*, 2008-NMCA-129, ¶¶ 10-11; *see also State v. Lozano*, 2008-NMCA-082, ¶ 2, 144 N.M. 250, 185 P.3d 1100 ("While we review de novo a district court's application of the six-month rule, we review questions of historical fact, such as the existence of the prosecutor's good faith intentions, with the deference of the substantial evidence standard."). Moreover, to the extent the State contends that three months was an insufficient period of time to bring the case to trial in district court [MIO 13], we note as this Court did in *Yates* that the problem the State complains of is largely one of its own making. *See Yates*, 2008-NMCA-129, ¶ 8. As we suggested in *Yates*, to the extent the State wishes to file first in magistrate court and dismiss if Defendant wishes to go to trial, the State can "monitor misdemeanor DWI cases filed in magistrate court to insure that they are dismissed and refiled in district court with sufficient time remaining for the district court to dispose of the case within six months of the triggering event in magistrate court." *Id.* By the State's own admission, it did not dismiss the magistrate proceedings and refile in district court with sufficient time remaining for the district court to dispose of the case. [MIO 13 (arguing that three months is an unreasonably short period of time for a case to be brought in district

court)] Instead, the State allowed approximately thirteen weeks to pass after the waiver of arraignment in magistrate court before filing a criminal information in district court. [RP 176-80] In *Yates*, we upheld the district court dismissal of charges after nine, twelve, and seventeen weeks between the triggering event and dismissal of the magistrate proceedings. *Id.* ¶ 8 n.9. We are therefore unpersuaded by Defendant's argument.

**The State Did Not Demonstrate Good Cause to Support an Extension Pursuant to Rule 5-604(C)**

The State contends that the district court erred in concluding that the State had not demonstrated good cause to support an extension under Rule 5-604(C). The State also contends that this Court erred in its proposal to affirm the district court's conclusion. In this Court's calendar notice, we proposed that the State's delay of three months and one week from Defendant's arraignment in magistrate court to the refiling of charges in district court, coupled with the State's failure to respond to the discovery requests of defense counsel (i.e. requests for interviews), demonstrated a lack of preparedness that undermined the State's good cause argument. [CN 3-4] In other words, we proposed that had the State been actively moving the case along and engaging in discovery with defense counsel, and had the district court still been unable to schedule the trial within the six-month period, the State may have been able to

demonstrate good cause for an extension. To the extent the State argues in its memorandum in opposition that there is no causal connection between the State's failure to engage in discovery and the district court's inability to schedule the trial [MIO 10-11], we remain unpersuaded.

We consider the totality of the circumstances in determining if good cause exists. *Cf. State v. Livernois*, 1997-NMSC-019, ¶ 26, 123 N.M. 128, 934 P.2d 1057 (considering the totality of the circumstances to determine if good cause existed under the Interstate Agreement on Detainers). Thus, here, where the State has repeatedly failed to engage in discovery, such inaction by the State demonstrates that even if the district court had been able to schedule the trial prior to the expiration of the six-month rule, the parties would have been unprepared to proceed to trial. We are therefore unpersuaded by the State's argument that the district court's inability to schedule the hearing justifies an extension of time pursuant to Rule 5-604. Moreover, viewing the totality of the circumstances surrounding the State's request for an extension of the six-month period, the State had a trial setting within the six-month period in the magistrate court that it chose to forego by dismissing the magistrate case and refiling in district court; the State then impeded Defendant's ability to prepare her case by not responding to the interview requests made by defense counsel; and the

7

State did relatively little to move the case forward while it was in district court. Furthermore, there is no indication that had the trial court been able to schedule a trial within the six-month period, the parties would have been prepared to go to trial, given the State's failure to engage with defense counsel in the discovery process. Where the delay giving rise to the need for an extension of the six-month rule is attributable, in large part, to the State, *cf. State v. Johnson*, 2007-NMCA-107, ¶¶ 12-15, 142 N.M. 377, 165 P.3d 1153 (attributing delay to the state where the prosecutor repeatedly failed to make arrangements for defense counsel to interview prosecution's witnesses), and it does not appear that the State has made efforts to move the case forward, *see State v. Granado*, 2007-NMCA-058, ¶ 14, 141 N.M. 575, 158 P.3d 1018 ("The [s]tate has the burden of bringing a defendant to trial within the time required by the rule."), the State has not demonstrated good cause for an extension of time.

To the extent the State contends that Defendant's excusal of a judge caused sufficient delay to establish good cause for the extension, the State has not specified what delay was actually caused by the excusal or how the delay necessitated a need for an extension of time. *See Headley v. Morgan Mgmt. Corp.,* 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that an appellate court need not review an undeveloped argument). Finally, to the extent the State attempts to rely on the district

court's implicit ruling that good cause existed for the State's motion (prior to reconsidering its ruling), this Court is not bound by the district court's ruling as we conduct a de novo review in determining if good cause exists. *See State v. Rayburns*, 2008-NMCA-050, ¶ 7, 143 N.M. 803, 182 P.3d 786 ("[A] de novo standard is applied to determine the type of reasons that will justify a dismissal." (internal quotation marks and citation omitted)). We therefore affirm the district court's determination that good cause for an extension pursuant to Rule 5-604 did not exist.

**Motion to Amend the Docketing Statement**

The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that "the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal," and (3) that the issues raised are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). Here, the State has raised two new issues: (1) that it lost its opportunity to petition our Supreme Court for an extension of time pursuant to Rule 5-604 (D) & (E) due to the district court reconsidering its oral ruling after the six-month period had already run, and (2) that the district court erred in entering an automatic dismissal of

Defendant's charges due to recent amendment to Rule 5-604 granting it the discretion to impose lesser sanctions. Having considered these issues within the context of our standard for allowing amendments to the docketing statement, we deny the State's motion to amend.

To the extent the State contends that it lost the opportunity to petition our Supreme Court for an extension of time pursuant to Rule 5-604 (D) & (E) due to the district court reconsidering its oral ruling after the six-month period had already run, we conclude that this issue is not viable. Rule 5-604(E) provides that "[t]he petition shall be filed within the applicable time limit prescribed by this rule, except that it may be filed within ten (10) days after the expiration of the applicable time limit if it is based on exceptional circumstances." Implicit in the State's argument is the assumption that the State was unable to file its petition with the Supreme Court until after the district court issued its order on Defendant's motion for reconsideration. However, there is nothing in the rule requiring the State to wait for a ruling from the district court prior to seeking an extension from the Supreme Court. Further, we note that the State did not file its petition for an extension of time with the district court until one week prior to the expiration of the six-month rule. [RP 85-86] While the State's petition was timely filed under Rule 5-604, the State cannot reasonably

complain that the district court failed to enter its order prior to the expiration of the six-month rule. We therefore conclude that this issue is not viable.

To the extent the State contends that because of the amendments to Rule 5-604, the district court did not possess the authority to enter an automatic dismissal of Defendant's criminal charges without first considering lesser sanctions, we similarly deny the State's motion to amend its docketing statement. The State points out that there is no indication in the summary record that the district court considered alternatives to dismissal before entering its order dismissing Defendant's charges. While we recognize that a failure to exercise discretion conferred by law is, of itself, an abuse of discretion, *see Sandoval v. Chrysler Corp.*, 1998-NMCA-085, ¶ 12, 125 N.M. 292, 960 P.2d 834 (discussing trial court's failure to rule on the defendant's motion for remittitur; holding that the trial judge's failure to exercise his discretion was, in itself, reversible error), the State has not indicated how this issue was preserved below. *See State v. Smith*, 102 N.M. 350, 353, 695 P.2d 834, 837 (Ct. App. 1985) (denying the defendant's motion to amend for failure to state all facts material to consideration of the issue and failure to demonstrate how the issue was preserved), *overruled on other grounds by Gillespie v. State*, 107 N.M. 455, 760 P.2d 147 (1988). Consequently, we deny the State's motion to amend the docketing statement to

11

include this issue.

**CONCLUSION**

For the reasons stated above and in this Court's notice of proposed disposition, we affirm the district court's dismissal of Defendant's case. We further deny the State's motion to amend its docketing statement.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**TIMOTHY L. GARCIA, Judge**