This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.                                  **NO. 29,509**

**DEBORAH M. PULITI,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

The Pickett Law Firm, LLC
Mollie C. McGraw
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

The State appeals from the district court denial of its petition for an extension of time and dismissal of the charges against Defendant for violation of the six-month rule. This Court entered a memorandum opinion affirming the district court on October 5, 2009. The State sought review of our decision by our Supreme Court through a petition for writ of certiorari. The Supreme Court issued a writ of certiorari, held this matter in abeyance pending its decision in *State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20, and, following its decision in *Savedra*, quashed the writ of certiorari and remanded the matter back to this Court for further proceedings.

On remand, this Court considered the State's appeal in light of our Supreme Court's decision in *Savedra* and its withdrawal of the six-month rule provisions set forth in Rule 5-604(B)-(E) NMRA, and issued a second calendar notice proposing to reverse. Defendant filed a memorandum in opposition. Based on Defendant's arguments and the addition of committee commentary to Rule 5-604 indicating what cases *Savedra* may have been intended to apply to–this Court issued a third calendar notice proposing to conclude that *Savedra*'s withdrawal of the six-month rule did not apply to the present case because it was not pending in the district court at the time *Savedra* was issued. We therefore proposed to rely on the analysis contained in our October 5, 2009 opinion to affirm. The State has filed a memorandum in opposition

2

to this Court's third calendar notice proposing summary affirmance. We have duly considered each of the State's arguments in support of reversal. Unpersuaded, we affirm.

**DISCUSSION**

The State raises four challenges to this Court's notice of proposed disposition: (1) Defendant's case is a pending case under *Savedra* and, thus, the six-month rule should not apply; (2) this Court erred in relying on *State v. Yates*, 2008-NMCA-129, 144 N.M. 859, 192 P.3d 1236, *aff'd by Savedra*, 2010-NMSC-025; (3) the State was entitled to a new six-month period pursuant to *State v. Heinsen*, 2005-NMSC-035, 138 N.M. 441, 121 P.3d 1040; and (4) the district court abused its discretion in not granting the State an extension pursuant to Rule 5-604. We address each of the State's arguments in turn.

**I.     Defendant's Case Was Not Pending When *Savedra* Was Decided**

In this Court's third calendar notice, we relied on the annotation to Rule 5-604 which states that "[p]ursuant to *State v. Savedra*, 2010-NMSC-025, ¶ 9, Paragraphs B, C, D and E of Rule 5-604 NMRA were withdrawn for cases pending in the district court on or after May 12, 2010." Rule 5-604 (revised 2010) Compiler's Note. [3dCN 3-4] We also relied on case law holding that a "case must be pending in the tribunal that will be affected by the rule change for Article IV, Section 34 [stating that no act

of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case] to apply." *N.M. Mining Comm'n v. United Nuclear Corp.*, 2002-NMCA-108, ¶ 4, 133 N.M. 8, 57 P.3d 862 (emphasis omitted); *see also State v. DeBaca*, 90 N.M. 806, 808, 568 P.2d 1252, 1254 (Ct. App. 1977) (explaining that Article IV, Section 34 applies to Court rules as well as legislation); *but see State v. Pieri*, 2009-NMSC-019, ¶ 35, 146 N.M. 155, 207 P.3d 1132 (holding that Article IV, Section 34 does not have the effect of a legislative act and applying rule change prospectively with limited retroactivity). As Defendant's case was on appeal at the time the rule change was announced, we proposed to follow the Supreme Court's lead and analyze Defendant's claims under the old rule as in *Savedra. See, e.g., Savedra*, 2010-NMSC-025, ¶ 10 (abolishing the six-month rule for district courts but applying the old rule to the defendants' cases).

While the State argues that the Compilation Commission's annotation to Rule 5-604 is not controlling, we find the commentary persuasive. Moreover, given our cases holding that a case must be pending in the tribunal that will be affected by the rule change, we conclude that Defendant's case was not pending pursuant to *Savedra*. We therefore analyze Defendant's claims under the old rule, as in *Savedra*.

**II.     This Court May Still Rely *Yates***

Having determined that the six-month rule applies, we turn to the State's

4

argument that this Court should not rely on *Yates* in reviewing whether the district court erred in dismissing the charges against Defendant. Specifically, the State argues that *Yates* marks a departure from New Mexico's previous six-month-rule cases, and because our Supreme Court did not apply *Yates*, but relied on previous six-month-rule cases, the Supreme Court implicitly rejected the analysis in *Yates*. We disagree with the State's characterization of our decision in *Yates* as a radical departure from previous six-month-rule jurisprudence. As we noted in *Yates*, our decision in that case is consistent with our previous decisions in that the Court must conduct a balancing test when determining whether to restart the six-month period. *Yates*, 2008-NMCA-129, ¶ 9. We noted in *Yates* that "[i]n openly acknowledging that this balancing occurs, we are not creating new law." *Id.* Consequently, we are unpersuaded by the State's argument that this Court should not apply *Yates*. Furthermore, because we disagree that *Yates* marks a departure from previous case law, we also reject the State's argument that *Yates* should only be applied prospectively and should not be applied to Defendant's case. [State's MIO 12]

**III.    Application of *Heinsen* Does Not Require Reversal**

The State contends that under *Heinsen* it was entitled to a restart of the six-month period with Defendant's arraignment in district court. The State contends that, unlike *Savedra* and *State v. Carreon*, 2006-NMCA-145, ¶ 7, 140 N.M. 779, 149 P.3d

5

95, it did not rely on a policy of dismissing cases in magistrate court and refiling in district court when a defendant asserted his or her right to a jury trial by refusing to plead. [State's MIO 8-9 (stating that the "prosecutor emphatically denied that the Third Judicial District was following the policy of avoiding duplicative trials")] Instead, the State contends that it dismissed the charges in magistrate court and refiled in district court because it wished to avoid the risk of Defendant raising a motion to suppress at trial and the State being faced with a "poor and unappealable suppression ruling by a magistrate judge, who is not a trained lawyer." [State's MIO 9] The State concedes that no suppression motion had been made by Defendant at the time the State dismissed the charges filed in magistrate court. [State's MIO 14] However, the State contends that pursuant to *State v. Lozano*, 2008-NMCA-082, 144 N.M. 250, 185 P.3d 1100, no suppression ruling need be filed to permit the restarting of the six-month period pursuant to *Heinsen*. [State's MIO 14]

In *Lozano*, this Court determined that the State was entitled to a new six-month period in district court even though – as the State points out – a motion to suppress had not yet been filed when the State dismissed the charges in magistrate court. *Id.* ¶ 7. In making its determination, a panel of this Court decided that there was no six-month rule violation where there was testimony that the dismissal was done as early in the process as possible, and that "cases were not brought to district court to get

more favorable treatment and that it was only in some number of cases that the six-month rule was exceeded[.]" *Id.* ¶ 6. We held that this testimony "ma[de] all the difference," because it "gave the district court a factual basis for finding that there was no intent to circumvent the six-month rule or other improper motive for the State's actions." *Id.* ¶ 6.

In contrast, the present case presents a different procedural posture from *Lozano*. In *Lozano*, the defendant was appealing an adverse ruling denying his motion to dismiss, and this Court upheld that ruling, in part, on a factual determination regarding the intent of the prosecuting attorney. Here, the State asserts that it emphatically argued to the district court that it had dismissed the charges in magistrate court and refiled in district court to avoid an unfavorable ruling on a suppression motion Defendant had not yet filed. [State's MIO 9] The district court's findings and conclusions do not indicate that the Court accepted the State's purported reason for refiling. [RP 176-80] Instead, the only reason for refiling reflected in the district court's findings and conclusions is Defendant's invocation of her right to a jury trial. [RP 179, col 2] Thus, to the extent the State is arguing that the district court erred in not accepting the good-faith basis the State presented to support its dismissal and refiling of the charges against Defendant, this Court defers to the district court on "questions of historical fact, such as the existence of the prosecutor's good faith

intentions[.]" *Lozano*, 2008-NMCA-082, ¶ 2. We therefore conclude that the State's reliance on *Lozano* is misplaced. Further, as there is substantial evidence to support the district court's ruling, we conclude that there is no error. *Id.* ¶ 2 (stating that we review questions of historical fact under a deferential substantial evidence standard).

**IV.    The District Court Did Not Abuse Its Discretion in Denying the Rule Extension**

Finally, to the extent the State continues to argue that the district court abused its discretion in denying the State an extension of time for commencing trial pursuant to Rule 5-604, we disagree. The State's arguments in support of good cause for an extension of time made in its latest memorandum in opposition are similar to or the same as the arguments the State made in its first memorandum in opposition prior to this Court issuing its October 5, 2009, memorandum opinion. We therefore rely on the reasons set out in this Court's October 5, 2009, memorandum opinion, in concluding that the district court did not abuse its discretion in denying the State's motion for an extension of time.

**CONCLUSION**

For the reasons stated above and in this Court's memorandum opinion entered on October 5, 2009, we affirm the district court's denial of the State's motion for an extension and dismissal of the charges against Defendant.

8

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**

9